*292 OPINION of the Court, by
Judge Trimble.
— Before we proceed to examine the errors assigned, we must enquire if the plaintiff be competent to maintain, or prosecute this writ of error. It appears from the record that at the July term 1&07, of the Fayette county court, that court on the motion of Luther Stevens, or- ' , , , ' dered that “ the order made establishing Hickman road from Curd’s road, and said road be rescinded so far as ** estat>lisHes the same from the forks of said road, until Upper street intersects said road, so as the said road will lead into the said street; ordered, that Mill street exten(je¿ through John Maxfield’s land--pales until it intersects a street of four poles width, called Steam Millstreet, newly established, running from near-? *293 ¿, the intersection ofHickman road and Upper street, to Curd’sroad, and at right angles with said Upper street.”
An individual who was not a party td an or-oer of the court reípettíng & road, anti who does not appear, to have lome intereft or to have iuilained an injury thereby not common to the community, cannot maintain a writ ol error to fuch order.
if the party though whofe land a ruad pas. scs has not been made a party, by (ummons, lie may, not-with {landing, have a writ of error.
An order dis* continuing a road, however irregular, cannot be rescinded for ibu.t cause, at a fub-Sequent term.
it is irregular to make the juftices of the court parties to a writ of error prolecuted by a púvate perlón, to reverie an order respecting
At the May term following of the said court, Yeiser and Barr moved the court to rescind the foregoing order on account of its illegality ; which motion was overruled. These orders are the foundation of the writ oí error prosecuted by Barr and Yeiser.
The general rule of law is, that none can maintain a writ of error, but parties and privies. By privies, are meant heirs, executors and tertenants. These can have a writ of error, although not parties ; because they have an interest. Barr and Yeiser were not parties to the first older ; nor have they shewn they have any privity or interest, other than that which belongs to every citizen in the community. Upon general principles, that common interest, which belongs equally to all, and in which the parties suing have no special or peculiar property, will not maintain a suit. Thus a public nuisance is not the subject of a suit by a private individual, unless he has sustained some special injury thereby. As if a man fell trees in the highway, whereby it is stopped up to the annoyance of the passengers, it is a nuisance, common to ail; a public nuisance, for which at the common law, he might be prosecuted by the commonwealth, and punished; but, a suit against him could not be maintained by a private individual who had only sustained the injury, common to all, at being turned out of the way : but if, in attempting to ride over the trees felled in the road, an individual’s horse should be thrown, whereby either himself or his horse is wounded, he can maintain an action for this special damage. The reason why he cannot without special damage maintain an action for the nuisance against the wrongdoer is, that if pne could sue, all might; which would be ruinous.
If Barr and Yeiser, who do not appear to have any exclusive interest, or to have sustained any special damage not common to others, can maintain this writ of error, any other citizen of the commonwealth might ; end. the defendants in error might be brought before this court, as often as individuals could be found who wouid risk the expence. This cannot be right. Barr and Yeiser, to maintain the writ of error, ought to shew they have a particular interest, or a particular private damage. This they have not done.
*294 The principles before laid down so well correspond with the provisions of the “ act concerning public roacls’% that we may fairly presume the legislature had them in, view at the time the act was passed. They have directed those through whose lands the road is about to be established to be summoned, and none others ; because they only have a special interest. It would be strange if the law would permit those to sue a writ of error, who are so far considered by the law as strangers to the case, that no provision is made for warning them to appear in the county court.
The act of assembly, by subjecting the petitioner or petitioners for opening a new road, or changing an old one, to the costs of the inquest, and by directing those-only through whose land the road is to pass to be summoned, seems, to contemplate them as the only parties, who as private individuals have a right to be heard.
We do not say that the persons through whose lands the road is to pass cannot have a, writ of error, unless they have actually been summoned, and thereby made parties in the inferior court; it is sufficient to enable them to have a writ of error, if it be shewn they ought to have been summoned ; or in other words, if it be shewn the road passes through their land.
Barr and Yeiser are neither parties nor privies ; noT-does'it appear from the record or otherwise, that the road passes through their land ; they cannot therefore maintain the writ of error upon the first order in the record. This question was settled in this court in May 1805, in the case of Butt vs. the county court of Montgomery*; and upon a review of the principles, we are persuaded of the correctness of the decision.
Upon the last order of the county court, overruling the motion made by Barr and Yeiser, to rescind the former order of a former term, it need only be observed, it was a proceeding unauthorised by any principle of" *295 lawb The term at which the order was made discontinuing a part of Hickman road, and extending a street so as to supply the place of the part discontinued, being past, the power of the county court to rescind it, however erroneous it might be, was at an end. It could only be corrected in that court by applying For reviewers and proceeding agreeably to the provisions of the act of assembly.
*294 Court of Appeals, May *3, 2S05-.
Edmund Butt vs. Jacob Coons, &c.
*295 We will further suggest, that although the practice has in some instances prevailed, of making the members of the county court defendants in the writ of error, in such cases, upon reflection we are satisfied it is irregular, and ought not to be done where the writ of error is sued by a private individual.-Order affirmed.

 This day came the parties aforefaid by their attornies, and the defers dants by their attorney, moved to dismiss this cause, because it does not ap~ pear from the record filed'nor otherwife, that the plaintiff was interested ia the land through which the said road runs j and the parties being heard, o& consideration whereof the court is of opinion, for the reasons aforesaid, that the fuit be diimissed with coils*