Smith *v.* Howe and Wife.

Judgment affirmed, with costs.

*B. K. Elliott* and *C. L. Holstein,* for appellant.

*J. Hanna* and *F. Knefler,* for appellee.

---

## SMITH *v.* HOWE and Wife.

MARRIED WOMAN.—*Separate Real Estate.—Contract.*—In this State a married woman can charge her real estate by such contracts only as are reasonably calculated to make the estate profitable to her, or to preserve it, or to protect her title thereto.

SAME.—A married woman who owns real estate in her own separate right and is in the habit of making contracts in her own name without the coöperation of her husband, who has abandoned her and is residing in another state, cannot charge such real estate by her written agreement to pay a certain sum to a third person if he will tell her the whereabouts of her husband so that she can find him.

APPEAL from the Marion Common Pleas.

FRAZER, J.—This was a suit against a *feme covert,* upon the following contract, executed by her during coverture:

"Indianapolis, Ind., July 22, 1868.

"I hereby agree to pay H. H. Smith fifty dollars if he tell me where William Henry Howe is at this time, so I can find him; $25 down, and $25 in the course of two months from this date. (Signed.) MRS. M. HOWE."

It was alleged by the complaint, that William Henry Howe was the husband of Mrs. Howe, had abandoned her, and

was then residing in Missouri; that the plaintiff fully performed the condition mentioned in the contract; that she was in the habit of making contracts in her own name, without the co-operation of her husband; that she owns in her own separate right certain real estate in Indianapolis, which is described; and that the agreement was made upon the faith and credit of her said separate property.

It is assigned for error, that the court below sustained a demurrer to the complaint.

In *Kantrowitz* v. *Prather*, at this term (*ante*, p. 92), after the most careful consideration, we held, that our statute giving a married woman her own lands and the profits thereof as fully as if she were unmarried, and at the same time restraining her from incumbering or conveying such lands except by deed in which her husband shall join (1 G. & H. 374, sec. 5), must be regarded as having much the same effect that a like provision would formerly have wrought in a deed of settlement; that to allow her to charge her real estate by her own contracts generally, would be to render the restraint which the statute has imposed upon her of no effect, because she might by indirection accomplish the very thing that the statute was intended to prevent; and that she can therefore charge her real estate by such contracts only as are reasonably calculated to make the estate profitable to her, or to preserve it, or to protect her title thereto. So much power seems necessary to accomplish the purpose of the statute, by making available the rights which the legislature, with a purpose to remedy the old law and favor married women, plainly gave. More than that cannot be justified by any sound principle of statutory construction.

The contract in suit in this case is clearly not of such a character, and we must therefore regard the action of the court below upon the demurrer as entirely correct.

Judgment affirmed, with costs.

*D. V. Burns* and *V. Carter*, for appellant.

*G. T. Morton*, for appellees.