## W. P. HAHN & A. HARRIS *v.* BEN FIGG ET AL.

**Highways—Special Interest—Common Interest—Nuisance—Who May Sue.**

One having a common interest in a public highway, which belongs equally to all and in which the party suing has no special or peculiar property, he cannot maintain a suit. An obstruction would be a nuisance common to all.

**Highways—Special Damages.**

Where a party sustains special damages on account of the obstruction of a highway, the party thus injured may sue in his own name.

---
---

### APPEAL FROM LOUISVILLE CHANCERY.

September 9, 1871.

OPINION BY JUDGE PETERS:

At the threshold appellees are confronted with a difficulty which seems insurmountable. They do not show that they have any interest in this road which does not belong to every citizen in the community.

In *Barr & Yeiser v. Stevens, etc.,* 1 Bibb 292, it was decided by this court that upon general principles that common interest, which belongs equally to all and in which the parties suing have no special or peculiar property, they cannot maintain a suit.

If a public road or highway has been established over the lands of appellants, a question which is not now properly before us and which we have no authority to decide, and appellants put up fences or dug ditches across the same whereby passengers are prevented from the use of the road, such obstruction would be a nuisance common to all and for which they would be punishable at common law by indictment. If in attempting to pass said highway (if it be one) appellees or either of them had received special damage on account of said obstruction as by the fall of a passenger's horse or the upsetting of his carriage whereby an injury was sustained by wounding the passenger, or his horse or the breaking of his carriage, the party thus injured could maintain an action therefor in his own name. But the reason as given in the case, *supra,* why he cannot without special damages maintain an action against such wrongdoer is, that if one could sue, all might, which would be ruinous.

Appellees do not allege and have not shown that they have any exclusive interest in this road, or have sustained any special damage not common to others and, according to the authority cited, they cannot maintain this suit in their names. Wherefore the judgment must be reversed and the cause remanded for further proceedings consistent with this opinion.

*A. Harris, Caldwell, for appellants.*

*Jas. Harlan, for appellee.*