## A. S. Jones, Adm'r., *v.* John W. Atkins.

**Municipal Corporations—Pleading—Wrongful Removal of Ground From Alley.**

In an action by an abutting owner against one for entering upon and removing ground from a public alley, the statement that such entry was without "right or authority," is insufficient without a further allegation that defendant did so without the consent of the city.

**Municipal Corporations—Right to Grade Alleys.**

A city has the right to grade alleys and to remove so much of the ground as may be necessary for that purpose, and an abutting owner must submit to the inconvenience, and can only recover upon a showing of special damages.

APPEAL FROM McCRACKEN CIRCUIT COURT.

January 7, 1874.

Opinion by Judge Lindsay:

It is not alleged in the pleadings, nor is it proved, that appellant's intestate did not have authority from the city of Paducah, to enter upon and remove the soil from the public alley upon which appellee's lot fronts.

The general statement that such entry was made without "right or authority," is not sufficient. We construe this allegation to mean that he had no right or authority, so far as appellee was concerned. The conclusion naturally follows the assertion by appellee of an interest in the alley, and the failure in any way to mention the want of consent by the city to all that was done by Jones.

The instruction given by the court is liable to the same objection. Appellant's liability is made to depend upon the entry upon the alley and the removal of the soil "without authority," but the jury are not told where authority is not necessary to obtain.

There is evidence conducing to show that the soil was removed to be used upon certain streets that the city was improving, and that the work was done under the supervision of the city engineer; also, that the alley was deepened only to the grade fixed upon by such engineer. Now, as appellee's right of way over this alley is held in common with all other citizens, he cannot ask to have the public good wholly subordinated to his individual interest. The

city had the right to grade the alley, and to cause so much of the soil to be removed as might be necessary for that purpose, and appellee must submit to inconveniences resulting from this exercise of municipal power, unless he alleges and proves special damages.

No such damages are alleged; therefore, he could not recover against the city. For the same reason the city's employes cannot be held responsible. But even if Jones had no authority from the city, but was a mere intruder, disregarding as well the rights of the public as of individuals, he cannot be held to account to appellee without averment and proof of special injury, or of special interest and right in or to the passway; and such injury cannot be made up of the mere inconveniences to which he may be subjected by reason of the obstruction of a public passway. The doctrine was so stated by this court in *Barr & Yeiser v. Stevens,* 1 Bibb 292, and has never, to our knowledge, been departed from.

The right of an individual to enjoin the public authorities from closing a public street or alley, or to compel them to take the proper steps to keep such ways open, by no means implies that each individual may sue, in his own name, the party obstructing the same. Atkins does not show that the alley is a mere appurtenance to the lots abutting on it, and hence leaves it to be presumed that it is not

For these reasons we conclude that a new trial should have been granted. The judgment is reversed and the cause remanded with instructions to overrule the demurrer to appellant's answer, and to sustain the demurrer to the petition, with leave to appellee to amend in case he desires to do so, and then for further proceedings consistent with this opinion.

*Yeiser, for appellant.*

*Campbell, for appellee.*