MOORE & MASON *v.* ISAAC SPARKS.

**Public Highways—Established by User—Obstruction—Injunction.**

   A passway may become a public highway by continuous and uninterrupted use by the public.

**Obstruction—Injunction.**

   One who uses a public highway cannot enjoin its obstruction unless he is able to show a special injury to himself, and he is then entitled to relief, not because a public highway has been obstructed, but because of the special and peculiar damages he sustains.

APPEAL FROM JESSAMINE CIRCUIT COURT.

March 11, 1875.

OPINION BY JUDGE LINDSAY:

Appellee states in his petition that he and his grantors have held and used the passway in controversy, and the land covered by it, adversely to the pretended title of the appellants, for nearly forty years last past before the commencement of this action, and under a claim of title in fee, exclusive of any other right. He does not pretend in his testimony that his grantors sold and conveyed to him, in express terms, a right to pass over this land. If he acquired the right to a passway under his purchase, he took it as an appurtenance to the lands purchased. Appellants' statements in their deposition are irreconcilable with the idea that the alleged passway is or ever was a private passway, held and owned by him alone. He says that commencing nearly forty years ago, the public used the passway for fifteen or twenty years in conjunction with himself; that although the people of the neighborhood did not take sufficient interest in the road to aid in its repair, they and the public used it as well as himself; and that they used it without permission from him, and whenever they pleased, and had done so for years. He says that "no person seemed to set up any claim to it, nobody claimed it, or asserted any right to it; no one was exercising any control of it. I suppose it had been used as a public road, and they just assumed control without opposition."

The proof shows that the passway was kept in repair by the voluntary action of parties interested in passing over it, but that the most of the repairs have been made by appellee. It is evident, however, that he had no greater right to, or larger interest in the road than any other person who saw proper to use it. The weight of the testimony offered by appellee is to the effect that it was re-

garded as a public road, and that it had been so long located, and its borders so well defined that a dedication of the right of way to the public might be implied. If such is the case, appellee had no. greater right to, or interest in the passway than any other individual. Appellants, by fencing it up, committed a public nuisance, and they cannot be restrained at the suit of a private individual, unless the complainant is able to show a special injury to himself, and he is then entitled to relief, not because a public highway has been obstructed, but on account of the special and peculiar damages inflicted upon him by its obstruction. Angell on Highway, Sec. 285. The fact that one travels the road frequently and is greatly inconvenienced by the obstruction will not authorize an injunction in the absence of some special injury. High on Injunction, Sec. 528; *McCown, et al., v. Whitesides,* 31 Ind. 235; *Barr & Yeiser v. Stevens, et al.,* 1 Bibb 292.

The only ground of complaint established by appellee is that the obstruction of the road subjects him to the inconvenience of having frequently to travel an increased distance. As we have already said, this inconvenience does not constitute a ground for the intervention of the chancellor. Judgment *reversed* and cause remanded with instructions to dissolve the injunction and to dismiss the petition.

*J. S. Bronough, J. B. Huston, for appellants.*
*B. F. Buckner, for appellee.*