Hubble and Another *v.* Wright and Others.

PRACTICE.—The appellant can not complain of the error of the lower court in refusing to dismiss proceedings in attachment, when the issues in attachment were decided in his favor. Page 323.

MARRIED WOMEN—ACKNOWLEDGMENT OF DEEDS.—The present statute makes no difference in the mode of executing and acknowledging deeds by married women, and by persons not under disability. Page 325.

SAME—MORTGAGES.—A mortgage executed by a married woman, jointly with her husband, is valid as to her without being acknowledged. Page 325.

SAME.—The power of a wife to incumber or convey her land is only limited by requiring her husband to join in the deed; and she may mortgage her lands to secure the debt of her husband by complying with the statute in this respect. Page 325.

ACKNOWLEDGMENT.—The acknowledgment of a mortgage taken by one of the parties thereto is void. Page 325.

APPEAL from the *Morgan* Circuit Court.

GREGORY, J.—The appellees filed a complaint in the court below against the appellant to foreclose a mortgage given by them to the complainants, to secure the payment of three notes, one to *Jonathan J. Wright* for $496.92, another to *William J. Manker* for $72.29, and the other to *Joseph Taggart* for the same amount, executed by *Fanny E. Hubble* and *John M. Hubble.*

*Wright* filed an affidavit, and procured a writ of attachment against the goods, etc., of *Fanny E.* Motion to dismiss the attachment proceedings overruled, and appellants excepted. *Fanny E.* filed her plea in abatement of the attachment proceedings in the following words: "*Fanny E. Hubble*, the sole defendant in the attachment proceedings herein, for an answer in abatement, says, that she is now, and has been for ten years last past, the wife of *John M. Hubble*, her co-defendant in the original action herein." After a demurrer was overruled to this answer in abatement, the plaintiffs filed replies thereto, which lead to an issue of fact, which resulted in a finding in favor of *Fanny E.;* and the attachment proceedings were dismissed at the costs of the appellees, and judgment ren-

dered therefor. As the proceedings in attachment resulted in favor of the appellant, *Fanny. E.*, we can not inquire into the alleged error of the court in refusing to dismiss them; she is not injured by the action of the Circuit Court in this respect.

The defendants demurred to the complaint, which was overruled, and they excepted.

The appellants answered: 1. General denial. 2. The said *Fanny E. Hubble*, for her separate answer herein, says that she is now, and has been for twenty years last past, the wife of the said *John M. Hubble*, her co-defendant; that the notes sued on were given for the debts and liabilities of the said *John M. Hubble;* that she is the sole and exclusive owner, as her own separate property, of the premises described in the mortgage and complaint in this action; that the said *Jonathan J. Wright*, one of the plaintiffs in this action, and one of the mortgagees, was, at the date of the said mortgage, the clerk of the *Morgan* Circuit Court; and, as such clerk, took the acknowledgment of the said mortgage; and that the said mortgage was never acknowledged before any other officer; wherefore she says, as to her, the said mortgage is null and void."

The court below sustained a demurrer to this separate answer of *Fanny E.* This presents the main question in this case.

The issue of fact was submitted to the court finding for the plaintiffs. Motion for a new trial overruled. Judgment against *John M. Hubble* for the several amounts secured by the notes, and a decree of foreclosure against the defendants, and an order of sale of the mortgage premises, etc.

In considering the ruling of the court below in sustaining the demurrer to the separate answer of the wife, the counsel for the appellants have presented to this court three questions, and have argued them with ability. They are these:

1. Can a married woman, under existing laws, incumber her separate real estate, by mortgage, for the debts and liabilities of her husband, and in no way connected with the improvement, management, or enjoyment of such separate property?

2. Is the deed or mortgage of a married woman, conveying or incumbering her separate real estate, in which her husband joins, valid as to her, without an acknowledgment?

3. Is an acknowledgment taken by and before one of the grantees or mortgagees void as against public policy?

The act touching the marriage relation, and liabilities incident thereto, provides that "No lands of any married woman shall be liable for the debts of her husband; but such lands, and the profits therefrom, shall be her separate property, as fully as if she was unmarried: *Provided,* that such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join. The separate deed of the husband shall convey no interest in the wife's land." 1 G. & H. 374, 375, secs. 5, 6.

The act concerning real property, and the alienation thereof, provides that "the joint deed of the husband and wife shall be sufficient to convey and pass the lands of the wife, but not to bind her to any covenants therein." 1 G. & H. 258, sec. 6. But it is contended that the provisions of the 4th section require that the deed must be acknowledged to give it validity as against a married woman. That section is as follows: "Conveyances of lands, or of any interest therein, shall be by deed in writing, subscribed, sealed, and duly acknowledged by the grantor, or by his attorney; except *bona fide* leases for a term not exceeding three years." But this section must, as to the consequences of an omission to comply with its requirements, be construed with reference to other sections of the same act.

Sec. 9 of the same act provides that "no conveyance of any real estate in fee-simple, or for life, or any future estate, and no lease for more than three years from the

making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act." And by sec. 18 of the same act it is provided that "to entitle any conveyance, mortgage, or instrument of writing to be recorded, it shall be acknowledged by the grantor, *or proved* before any judge," etc. To construe these sections together, it is apparent that sec. 4, *supra*, is merely directory; any other construction would alike affect the validity of deeds executed by persons not under disability, as well as by married women. There is now no difference in the mode of executing and acknowledging deeds by married women and by persons not under disability.

By reference to the statutes in force before the act of *May* 6, 1852, it will appear that a radical change in this respect has been made.

A mortgage, executed by a married woman jointly with her husband, is valid as to her without being acknowledged. As the power of the wife to incumber or convey her lands is only limited by requiring her husband to join in the deed, it follows that she may mortgage her lands, to secure the debt of the husband, by complying with the statute in this respect.

The acknowledgment taken by *Wright*, one of the mortgagees, of the execution of the mortgage in question, is at most a void acknowledgment, leaving the mortgage operative between the parties. *Beaman* v. *Whitney and Others*, 20 Maine Rep. 413.

Judgment affirmed, with two per cent. damages and costs.

*Buskirk & Barrackman*, for appellants.
*McNutt & Ennis*, for appellees.