ARMINGTON and Another *v.* ARMINGTON and Another.

DESCENT.—KINDRED OF HALF-BLOOD.—Kindred of the half blood inherit equally with those of the whole blood, except that if the estate came to the intestate by gift, devise or descent from any ancestor, those only who are of the blood of such ancestor can inherit.

EQUITY.—CANONS OF DESCENT.—The doctrine that equity will follow land, or even money, into whatever shape it may assume in the hands of the holder, for the purpose of upholding an equity, does not apply to the canons of descent.

APPEAL from the *Tipton* Circuit Court..

GREGORY, J.—*Augustus A. Armington* and *Aurelian B. Armington* filed their complaint in the court below against *Clarissa L. Armington* and *Mary M. Armington,* to quiet the title to real estate. A demurrer was sustained to the complaint, and the plaintiffs appeal to this court.

It is averred that the appellants and *Adolphus G.* and *Alpheus N. Armington* were the only children and heirs of *William Armington,* by his wife *Clarissa L.,* both now deceased. That the appellees were the only children of the said *William* by *Gertrude · J.,* a second wife, who is still living. That on the 20th of *May,* 1844, *Clarissa L.,* the mother of appellants, departed this life intestate; and that afterwards, on the 16th of *December,* 1850, *Elisha Golay,* her father, conveyed to her children certain real estate in *Decatur* county in this State, as a part of the share of the mother in his estate, or as an advancement. That afterwards the said *William* purchased of the *United States,* in the name of *Adolphus G. Armington,* the north half of the south-east quarter, and the south-east quarter of the north-east quarter, of section 3, in township 21, range 4, in *Tipton* county, *Indiana.* That in consideration therefor, by contract, the latter conveyed his interest in the *Decatur* county land to the former. That the entire consideration for the *Tipton* county land was the *Decatur* county land. That on the first of *September,* 1864, *Adolphus G. Armington* departed this life intestate and seized in fee of the *Tipton* county land.. That on the 1st of *December,* 1864, *Alpheus N. Armington* died testate and seized in fee of so much of the *Tipton* county land as he inherited from his brother *Adolphus G.;* and that by his last will and testament the appellants became his sole devisees. That *Adolphus G.* and *Alpheus N. Armington* each died, never having been married, and leaving neither father, mother, wife, or child.

It is claimed that the *Tipton* county land came to the appellants through their mother, and that therefore, the appellees have no interest therein.

Our law of descents provides that "kindred of the half-blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise or descent from any ancestor, those only who are of the blood of such ancestor shall inherit." 2 G. & H. § 6, p. 292.

Did the *Tipton* county land come to *Adolphus G. Arming-ton* by gift, devise or descent from his grandfather on the mother's side?

There are cases where a court of equity will follow land, or even money, into whatever shape it may assume in the hands of the holder, for the purpose of upholding an equity; but this doctrine does not apply to the canons of descent; these depend on positive law; there are no equities to uphold. It was a maxim of the law of descent in *England*, that no person could inherit an estate unless he was descended from the first purchaser or acquirer of it. Under this rule, where a person was seized in fee by descent, *ex parte materna*, there were, at the common law, many acts which might be done by such a person that would operate so as to make him a new purchaser of the estate, by which means it would become a feud of indefinite antiquity, and descendable to his heirs generally, whether of the paternal or maternal line. Thus, if a person be seized of lands as heir of the part of the mother, and makes a feoffment in fee, and takes back an estate to him and to his heirs, (by two distinct conveyances in fee,) this is a new purchase; and if he dies without issue the heirs of the part of the father shall inherit. 3 *Cruise on Real Prop.*, Title 29, Descent, ch. 3, §§ 32, 33, p. 337.

We think it clear that *Adolphus G. Armington* did not hold the *Tipton* county land by gift, devise or descent.

It is claimed that the demurrer ought to have been overruled, because the appellants show in their complaint that they have an interest in the land and are entitled to some relief. The sole object of the complaint is to quiet title. There are no allegations which entitle the appellants to any other relief. It is not averred that the appellees claim a greater interest in the lands than they are by law entitled to.

The judgment is affirmed, with costs.

*B. W. Wilson, N. R. Overman* and *G. W. Lowley*, for appellants.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellees.