BUELL v. SHUMAN.

MORTGAGE.—HUSBAND AND WIFE.—When notes are given by a married woman for the purchase money of land, and she unites with her husband in a mortgage to secure the notes, the mortgage containing a covenant by both to pay the debt, the covenant is binding upon the husband, and the mortgage constitutes a valid lien upon the land against both.

SAME.—PERSONAL JUDGMENT AGAINST WIFE.—A personal judgment over

against the wife, for the amount not made by a sale of the mortgaged premises, is in such case erroneous, but the objection is not presented by a motion for a new trial, assigning for cause that the judgment is contrary to law and the evidence.

PRACTICE.—MOTION FOR NEW TRIAL.—It is a settled general principle, under the code, to which there are but few exceptions, that a party must first present a question to the lower court, before he is entitled to the judgment of the appellate court upon it.

APPEAL from the *Porter* Common Pleas.

FRAZER, C. J.—This was a suit to foreclose a mortgage executed by the appellant, a *feme covert*, and her husband, to secure the unpaid purchase money of the real estate mortgaged, the indebtedness for which was evidenced by her promissory notes. The mortgage contained a covenant of both husband and wife to pay. To the complaint, showing the foregoing facts, the appellant demurred, and she assigns for error the overruling of her demurrer.

It does not appear by the complaint that the title to the land mortgaged was in the appellant, but if it did, the statute empowers her to incumber it by mortgage in which her husband joins, as he did in this case. It is argued, however, that her notes given for the purchase money are void, and that the mortgage being merely the incident, the debt secured being the principal thing, there could be no recovery, and hence no foreclosure. This argument overlooks the fact already stated, that the mortgage itself contains a covenant by the husband with the wife to pay the debt. His covenant was certainly valid, and none the less so because the wife gave her promissory notes for the same indebtedness. We regard it very clear that the demurrer should have been overruled. But the court, by its judgment, directed execution against the general property of the appellant, for any portion of the indebtedness which might remain unsatisfied by the sale of the mortgaged premises. This, it is argued, was clearly wrong. But no objection was made to it below, and it is, on that ground, insisted by the appellee that the error is not available here.

There was, after judgment, a motion for a new trial upon the ground "that the judgment of the court is contrary to law and the evidence;" but this motion presented no question whatever for the consideration of the court below. The courts of *New York,* under a code from which ours was in great measure copied, have gone to almost the extent of holding that no question can be considered on error unless it has been distinctly presented to the court below, and an exception taken to the decision upon it, and this court has gone far in the same direction. It may be regarded as a general principle, now established under the code, to which there are but few exceptions, that a party must first present a question to the lower court before he is entitled to the judgment of the appellate court upon it. Under the operation of this rule there is little temptation to parties to permit error to go upon the record by their silence. Attorneys are, in a measure, compelled to become aids to the courts in the correct administration of justice, and litigation in this court, for the mere purpose of vexation or delay, is greatly abridged. The question before us is fully within the reason of the rule, and must be governed by it.

The judgment is affirmed, with five per cent. damages and costs.

*T. J. Merrifield* and *W. H. Calkins,* for appellant.

*S. I. Anthony, S. E. Perkins, H. B. Saylor* and *L. Jordan,* for appellee.