*B. W. Hanna,* Attorney General, *J. S. Duncan, H. C. Guffin,* and *J. R. Carnahan,* for the State.

———•———

## HASHEAGEN *v.* SPECKER and Others.

HUSBAND AND WIFE.— *Wife's Separate Real Estate.— Contract.*—Certain goods were sold and delivered to a married woman, doing business in her own name and right, with her own separate estate, and with the consent of her husband,

and owning in her own right certain real property; and suit was brought against her to charge her estate with the value of said goods.

*Held*, that as there was no averment of an intent on the part of the married woman to contract with regard to her separate estate, or create a charge upon the income of her separate real estate, the action could not be sustained.

APPEAL from the Ripley Circuit Court.

BUSKIRK, J.—The record in this case is voluminous, the briefs are long, many errors have been assigned, a great variety of questions have been discussed with marked ability; but there is one leading and important question presented by the record which must be decisive of the case. That question arises upon the amended complaint, the third paragraph of the answer, the instruction of the court, the general and special verdicts, and the judgment of the court.

The amended complaint is in these words:

"For second and further cause of action, plaintiffs complaining say, that the defendant Clara Hasheagen, a married woman, doing business in her own name and in her own right, merchandising with her own separate estate, with the consent of her husband and co-defendant, John Hasheagen, is indebted to the plaintiffs in the sum of four hundred and sixty dollars and eighty-seven cents, for goods and merchandise sold and delivered by plaintiffs to said defendant Clara Hasheagen, which said goods and merchandise were of the value of four hundred and sixty dollars and eight-seven cents, as set forth in a bill of particulars filed herewith, and for which the note filed herewith, marked exhibit 'A,' was given, leaving due and unpaid the sum of four hundred and sixty dollars and eighty-seven cents, together with the interest thereon, and that said Clara Hasheagen has an estate of her own and in her own right of the value of three thousand dollars, which is more particularly described in exhibit 'B' filed herewith and made a part hereof; and the plaintiffs demand payment for five hundred dollars, and for all other relief, and that the said indebtedness be made a charge on the estate of said Clara Hasheagen."

There was filed with this paragraph a bill of particulars.

The note referred to as exhibit "A" was in these words:

"$460.87.                         CINCINNATI, April 10th, 1868.

Sixty days after date we promise to pay to the order of J. B. Specker & Co. four hundred and sixty dollars and eighty-seven cents, with ten per cent. interest from date, value received.

[25 cent stamp.]                         JOHN HASHEAGEN.
Of SUMMERVILLE, Ripley Co., Ind.    CLARA HASHEAGEN."

Exhibit "B" contained a description of the lots and land owned by the said Clara Hasheagen.

This action was originally based upon the above note, and was brought against both John and Clara Hasheagen, but the plaintiffs dismissed as to such first paragraph of complaint.

The court overruled a demurrer to the second paragraph of the complaint, and the appellant excepted.

The third paragraph of the answer of the appellant was in these words: "And for further answer to the second paragraph of said complaint, defendant Clara Hasheagen says, that at the time of the purchase and delivery of the goods described in plaintiffs' complaint, and also at the time of the execution of the note in the said complaint set out, she was and still is the wife of her co-defendant, John Hasheagen, and that the said goods were purchased by defendant John Hasheagen for his own use, and that she signed said note as security for her said husband, and not otherwise. Wherefore she demands judgment," etc.

To this paragraph of the answer the court sustained a demurrer, and the appellant excepted.

The instruction of the court was as follows: "This is an action to recover for an account which the plaintiffs claim is due them for goods, wares, and merchandise, as per bill of particulars filed with the complaint, which they claim were sold to the defendant Clara upon her own credit, with the consent of her husband. If you find from the evidence that the goods were sold and delivered to Clara on her own credit and with the consent of her husband, and you further find that

she has a separate estate, then you should find for the plaintiffs for the amount due therefor.   But if you should find that the credit was not given to her, or should find that her husband did not give his consent to the purchase, or that she has no separate property, then your finding should be for the defendant."

The general verdict of the jury was as follows: "We the jury find for the plaintiffs, and assess their damages at four hundred and sixty dollars and eighty-seven cents.   We further find that the defendant Clara Hasheagen is the owner in her own right of the following estate."   Then follows a description of certain town lots and real estate.

The jury also returned answers to interrogatories as follows:

1. "Were the goods set out in the bill of particulars purchased of plaintiffs by defendants, or either of them?"   Answer.   "Yes."

2. "If purchased by one of the defendants, which defendant purchased the goods?"   Answer.   "Clara Hasheagen."

3. "On whose credit were the goods purchased?"   Answer.   "Clara Hasheagen's."

4. "What was the value of the goods so sold, and what was the date of the sale?"   Answer.   "Five hundred dollars and eighty-seven cents.   April 10th, 1868."

5. "Was defendant Clara Hasheagen, at the time of the purchase of these goods, doing business as a merchant, in her own name, and with her own means, with the consent of her husband?"   Answer.   "Yes."

6. "What separate estate has Clara Hasheagen, if any?" Answer.   "Lots 11, 12, 26, 27, 28, 34, 65, 94, 95, 113, 114, 115, and 116, in the town of Summerville, Ripley county, Indiana; also south-west quarter of south-west quarter of section 29, town 10, north of range 13 east, containing forty acres, in said county."

7. "Did Clara Hasheagen purchase the goods set out in the complaint, in her own right, and with the knowledge and consent of her husband?"   Answer.   "Yes."

The court overruled motions for a new trial, and in arrest

of judgment, over objection and exception of the appellant,. and rendered final judgments in these words:

"It is therefore considered by the court that the plaintiffs recover the sum of four hundred and sixty dollars and eighty-seven cents, and also their costs and charges in this behalf laid out and expended, taxed at —.

"It is further ordered and adjudged by the court, that the following described real estate, in Ripley county, State of Indiana, to wit: lots numbered 11, 12, 26, 27, 28, 34, 65, 94, 95, 113, 114, 115, and 116, in the town of Summerville, also, the south-west quarter of the south-west quarter of section twenty-nine, town ten, north of range thirteen east, is liable, as the separate estate of the said defendant, Clara Hasheagen, to the payment of said judgment, interest and costs, and that the same be sold, or so much thereof as may be necessary, upon an order of sale to be issued herein,.as other lands are sold on execution, to satisfy the same."

We do not deem it necessary to dispose of the errors assigned in detail, and in the order in which they are assigned. The question of the liability of the appellant is fairly and fully presented by that portion of the record which we have set out in this opinion, and as the decision of that question will be decisive of the case, we will not consider any other question in the cause.

Did the facts stated in the second paragraph of the complaint create a legal liability against the appellant? What are the facts stated? They are these. First, Clara Hasheagen was a married woman doing business in her own name and right, with her own separate estate, and with the consent of her husband. Second, that she was indebted. to the plaintiffs, in the sum of four hundred and sixty dollars and eighty-seven cents, for goods, wares, and merchandise,. by them sold and delivered to her. Third, that she owned. in her own right, and held as her separate property, certain described real estate, of the value of three thousand dollars.

The prayer of the complaint was for judgment, and that

said indebtedness should be made a charge upon the estate of the said Clara Hasheagen.

We do not propose to enter upon a general discussion of the legal rights of married women or of their power to encumber their separate estates. These questions were discussed with great thoroughness and marked ability by this court, in the case of *Kantrowitz* v. *Prather*, 31 Ind. 92, where the leading English and American authorities were reviewed, and certain propositions of law deduced therefrom.

The general rule is that the contracts of a married woman are void and cannot be enforced against her either at law or in equity.

But in this State the legislature has enacted, that " no lands of any married woman, shall be liable for the debts of her husband; but such lands and the profits therefrom, shall be her separate property, as fully as if she was unmarried: Provided, that such wife shall have no power to incumber or convey such lands, except by deed, in which her husband shall join." 1 G. &. H. 374, sec. 5.

By the above provision, the clear and undoubted power is given to a married woman to encumber her separate real estate, by mortgage, if her husband joins with her; and this she may do, although the contract has no reference to her separate lands. This court has held that she may even become the security of her husband, and may by mortgage encumber her lands to secure the payment of the debt for which she had become security. *Brooks* v. *Berryhill*, 20 Ind. 97; *Hubble* v. *Wright*, 23 Ind. 322.

It was held by this court, in *Smith* v. *Howe*, 31 Ind. 233, that the purpose of the legislature in conferring upon married women the right to hold property, in certain instances, was, in those cases, to vest in a married woman more complete control of her separate property, and its proceeds, than she possessed at common law; but that it was not the legislative intention to abrogate or control any right or power that she possessed at the time of the passage of such statutes, in reference to the management of such property.

The following propositions of law were enunciated by this court in the well considered case of *Kantrowitz* v. *Prather*, *supra*:

"In this State, in order to enforce the contract of a married woman against her separate real estate, her intent to deal with the property must appear, and may not be assumed, and the contract must be one from which benefit results to the property.

"So far as the profits of a married woman's real estate are concerned, effect will be given to her contracts where she has indicated her purpose to deal with such profits.

"It must appear that any contract relating to the property of a married woman, which it is sought to enforce in equity, is conscionable, and where it relates to the betterment of her real estate, that it is reasonably calculated to promote that end.

"The fact that credit for goods sold to a married woman is given her upon faith of her separate property, is not sufficient to create a charge against her land or its income; she must also herself intend to contract with regard to her separate estate."

We regard these principles as sound and correct; and when applied to the case under consideration, they must be decisive of it. The complaint in this case does not charge the wife with any intent to contract with regard to her separate estate; nor does it allege that she had indicated any purpose to create a charge upon the income of her separate real estate.

Considerable stress has been laid in argument upon the facts that Mrs. Hasheagen was engaged in business as a merchant, in her own name, with her separate means, and with the consent of her husband. We are unable to see how the facts above stated could create a personal liability against her or charge her separate real estate or its income.

We have no statute in this State, as there is in New York and several of the other states, authorizing a married woman, upon certain conditions, to carry on business as a trader or merchant, and fixing her liability for debts contracted in

reference to such business. Decisions made under such a statute can have no application or force in this State.

We are of the opinion that the court erred in overruling the demurrer to the complaint, and in sustaining it to the third paragraph of the answer.

We are also of the opinion that the court erred in overruling the motion for a new trial, and in rendering judgment upon the general and special verdicts.

The judgment is reversed, with costs; and the cause is remanded with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*W. D. Willson* and *T. E. Willson*, for appellant.

*E. P. Ferris* and *H. T. Lipperd*, for appellees.