### BRICK ET UX. *v.* SCOTT ET AL.

**MARRIED WOMAN.**—*Contract.*—*Promissory Note.*—The promissory note of a married woman is absolutely void, and is not evidence of any promise on her part to pay the indebtedness for which the note is given.

**SAME.**—*Mortgage of Wife's Real Estate.*—Where a married woman joined with her husband in a mortgage upon her separate real estate, to secure the payment of certain notes made by her alone, and the mortgage contained no express agreement for the payment of the sum of money, or other identification of a debt secured by the mortgage than the reference to the notes;

*Held,* that there could be no personal judgment against the wife or against the husband, nor could there be a foreclosure of the mortgage.

**SAME.**—*Pleading.*—An answer of the wife in such case, that the notes were given for personal property bought by the husband, that she alone made the notes, but received no part of the property, that it was not purchased for the betterment of her estate, and that the mortgaged property was her separate real estate, was good, as was also an answer the same in substance by the husband.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley,* for appellants.

*J. C. Robinson, F. P. A. Phelps,* and —— *Adams,* for appellees.

BUSKIRK, J.—This was an action by the appellees against the appellants, upon three several notes, executed by Jane Brick, and upon a mortgage executed by both the appellants upon the separate real estate of Jane, the object of which was to obtain personal judgments and a foreclosure of the mortgage.

The complaint consisted of three paragraphs:

The first paragraph alleges that the appellant Jane, on the 8th day of January, 1873, by her three several promissory notes, promised to pay Scott & McAmick, in three, five, and seven months, the sum of three hundred and eighty-five dollars; that Scott & McAmick assigned two of said notes to Hiram McAmick; that on said day Jane and her husband executed a mortgage, to secure the payment of such notes.

The second paragraph was the same as the first, except it alleges that the notes were executed for and in consideration of certain real estate purchased by the said Jane.

The third paragraph alleges, in substance, that on the 8th day of January, 1873, Scott & McAmick sold to James Brick a stock of drugs and medicines, for the sum of three hundred and eighty-five dollars; that James and Jane were husband and wife at the time of such sale; that on such day Jane, her husband joining with her, executed a mortgage on her separate real estate to secure the payment of said indebtedness; that afterward Scott & McAmick assigned to their co-plaintiff, Hiram McAmick, a two-thirds interest in said indebtedness, with the interest of an equal amount in such mortgage; that said indebtedness is due and remains wholly unpaid.

A copy of the mortgage was filed with and made a part of the complaint. The action was jointly brought by Scott & McAmick and Hiram McAmick. The prayer of the complaint was for personal judgments against both James and Jane Brick, and a foreclosure of the mortgage and sale of the mortgaged property.

The appellants demurred separately to each paragraph of the complaint for the want of sufficient facts. The separate demurrers of Jane were overruled, and she excepted. The demurrer of James to the second paragraph was sustained, and his demurrers to the first and third were overruled, and he excepted.

The appellants answered separately, in two paragraphs, one being the general denial.

The second paragraph of Jane's answer alleges, that the notes sued on were given for a stock of drugs and medicines purchased by her co-defendant James; that she alone executed her notes therefor; that at such time she was the wife of James; that she received no part of the drugs and medicines so purchased; that they were not purchased for the betterment of her separate estate, and that the mortgage was executed upon her separate real estate to secure the payment of said notes.

The second paragraph of the answer of James was, in substance, the same.

Demurrers were sustained to the second paragraph of each answer.

The cause was submitted to the court for trial, and resulted in a finding for plaintiffs. The appellants moved for a new trial upon three grounds :

1. The finding is contrary to law.

2. The finding is contrary to the evidence.

3. The court erred in admitting in evidence the notes and mortgage sued on.

The motion was overruled, and the court rendered personal judgments against both appellants, and decreed the foreclosure of the mortgage.

The errors complained of are in overruling the demurrers to the complaint, in sustaining them to the second paragraph of the separate answers, and in overruling the motion for a new trial.

The question discussed is presented by each assignment of error. The real case made is this : James and Jane Brick, the appellants, are husband and wife. James purchased of Scott & McAmick a stock of drugs and medicines, for the sum of three hundred and eighty-five dollars ; Jane executed her notes for said sum. Jane and her husband executed a mortgage on her separate real estate to secure the payment of such notes. There is no agreement or stipulation in the mortgage to pay such indebtedness. The mortgage, in express terms, declares that it is given to secure the payment of the three notes executed by Jane, and then provides, that " when the said notes, signed by said Jane Brick, have been fully paid, then this mortgage is to be null and void, otherwise to remain in full force and effect."

It is insisted by counsel for appellants, that there can be no recovery as to Jane, because, being a married woman when she executed the notes, they are void ; and there being no promise, agreement, or stipulation in the mortgage to pay the indebtedness of James ; and that there can be no recovery as to James on the notes, because he did not sign them ; and no foreclosure of the mortgage as to him,

because he had no interest in the land mortgaged, and there was no promise, agreement, or stipulation in the mortgage that he would pay such indebtedness; and that there could be no foreclosure of the mortgage against him, as the husband of Jane, because there was no liability as to her.

It was held by this court, upon careful consideration and a full review of the adjudged cases in this court, in the case of *Hodson* v. *Davis*, 43 Ind. 258, that the promissory note of a married woman was absolutely void, and that such note, although given for property purchased by her for her own use, she having a separate estate, and her husband being insolvent, was not evidence of her intention to charge her separate estate with payment of the debt named in the note.

The three notes executed by the appellant Jane are absolutely void, and being void they are not evidence of any promise on her part to pay the indebtedness for which the notes were given.

The debt is the principal thing. The mortgage is a mere security. "Where there is an express written agreement for the payment of the sum of money secured, contained in the mortgage, or any separate instrument, the court shall direct in the order of sale that the balance due on the mortgage and costs which may remain unsatisfied after the sale of the mortgaged premises, shall be levied of any property of the mortgage debtor." Section 634, 2 G. & H. 294. So, there can be no personal judgment where there is no express agreement in the mortgage or some separate instrument.

The question is presented, whether there can be a foreclosure of a mortgage where there is no note, and no agreement or stipulation in the mortgage to pay the debt. It is well settled that a married woman may mortgage her separate real property to secure the debt of her husband. *Hubble* v. *Wright*, 23 Ind. 322; *Ellis* v. *Kenyon*, 25 Ind. 134; *Philbrooks* v. *McEwen*, 29 Ind. 347; *Hasheagen* v. *Specker*, 36 Ind. 413. But there must be a debt on the part of the husband, and the debt must be described in the mortgage. It was

said in *Philbrooks* v. *McEwen, supra:* "A mortgage must somehow describe and identify the indebtedness which is intended to be secured." There must be an agreement, promise, or stipulation to pay the debt, either in the mortgage or in a separate instrument. *Buell* v. *Shuman,* 28 Ind. 464. The agreement in the mortgage is to pay void notes. There is no agreement to pay the indebtedness for which the void notes were given. There can be no personal judgment in this case against Jane, because the notes are void as to her, nor against James, because he did not sign the notes or in any manner agree to pay the debt. There can be no foreclosure of the mortgage, because there is no description or identification of the debt intended to be secured.

There was no error in overruling the demurrers of Jane to the first and second paragraphs of the complaint, because it did not appear therefrom that the appellants were husband and wife.

The court erred in overruling the demurrer to the third paragraph of the complaint, because there was no promise, agreement, or stipulation in the mortgage or elsewhere to pay the debt.

The court erred in sustaining demurrers to the second paragraphs of the separate answers.

The court erred in overruling the motion for a new trial, because the notes of Jane being void were not admissible for any purpose.

The personal judgment would have been held erroneous if there had been any question made in the court below as to the form of the judgment; but there was not. *Buell* v. *Shuman, supra.*

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the third paragraph of the complaint, to overrule the demurrers to the second paragraphs of the separate answers, and for further proceedings in accordance with this opinion.

DOWNEY, J.—I concede that the promissory note of a. *feme covert*, standing alone, is invalid.    But in this case the notes did not stand alone.    They were executed in connection with a mortgage on the real estate of the *feme covert,* in which her husband joined.    She may mortgage her real estate, if her husband join in the mortgage.    She may mortgage it to secure her husband's debt, and I think she may mortgage it to secure her own debt; her husband, in each case, joining her in the mortgage.    The notes signed by her, and the mortgage given by her and her husband to secure them, may be regarded and treated as one instrument, evidencing a single contract or transaction, the mortgage supporting the notes and rendering them valid.    Hence, I do not concur in the foregoing opinion speaking for the majority of the court.