## LAYMAN ET AL. *v.* SHULTZ.

HUSBAND AND WIFE.—*Mortgage Securing Promissory Note for Wife's Debt.*— A married woman is liable on her mortgage on her separate real estate, in which her husband joins, though given to secure a promissory note executed for a debt contracted by her during coverture, where, either by such note or a clause in the mortgage, he joins with her in promising to pay such debt.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Evans*, for appellants.

*W. P. Britton* and *M. W. Bruner*, for appellee.

Howk, J.—The appellee sued the appellants, in this action, to foreclose a mortgage executed by the appellants, Sarah A. Layman and Wilson H. Layman, her husband, to the appellee, on certain real estate in Montgomery county, Indiana.

The mortgage was given to secure the payment of three promissory notes, dated September 9th, 1875; two for three hundred dollars each, payable respectively in six months and one year after date, and the third note for two hundred dollars, being payable in eighteen months after date.   In the mortgage, these notes are further described, as follows :

"Each of said notes is given by Sarah A. Layman to said John B. Shultz for a debt due of said Sarah A. Layman, on which notes said Wilson H. Layman is surety for said Sarah A. Layman."

In his complaint, the appellee sued as the payee and holder of the first two of the said notes, for three hundred dollars each, alleging that they were both due and unpaid; and he made Christian H. Eltzroth a party defendant to his action, alleging that said Eltzroth was the owner of the third note, for two hundred dollars, described in said mortgage, and asking that he be required to answer as to his interest therein.   The appellee demanded judgment for six hundred and seventy-five dollars, and for the foreclosure of said mortgage and sale of the property, and for other proper relief.

The appellants separately demurred to appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrers were overruled, and to these decisions the appellants separately excepted.

The appellant Sarah A. Layman separately answered in two paragraphs, in substance, as follows :

1.   That, on September 24th, 1874, being then a married woman and the wife of her co-appellant, Wilson H. Layman, she purchased, in her own right and name, of

one Elizabeth Mack, also a married woman, a stock of groceries, etc., in and about a restaurant, in the city of Crawfordsville, for the sum of two thousand dollars; that, for the one-half of said sum, she executed her four notes, and her chattel mortgage to secure the same, on said stock of groceries, etc., to said Elizabeth Mack; that, to make said mortgage binding on her, her husband, Wilson H. Layman, signed the same, but did not assume any liability nor agree to pay said debt, nor any part thereof; that said Elizabeth Mack sold and assigned said notes and chattel mortgage to the appellee; that afterward the said chattels having been sold or consumed, and the chattel mortgage having thereby become worthless, on September 9th, 1876, " at the very urgent request and solicitation" of the appellee, she executed the notes, in his complaint mentioned, the only consideration therefor being the surrender to her of her said first named notes and said worthless chattel mortgage; that her husband, Wilson H. Layman, signed the notes and mortgage sued on in this action only as her surety, and that no valuable consideration whatever passed to her nor to her husband for executing the said notes and mortgage; that one year's interest, at the rate of ten per cent. per annum, was added into the notes in suit; that she was still a married woman when she executed said notes and mortgage, and was the owner, in her own right, of the real estate described in said mortgage; that no part of said debt was made for the betterment of her real estate, nor for the purchase-money thereof; and that her husband, Wilson H. Layman, was not indebted to the appellee in any amount whatever. Wherefore she said that the notes and mortgage sued on were void as to her, and she demanded judgment for costs and all proper relief.

2. That she and her co-appellant, Wilson H. Layman, executed the notes and mortgage in suit without any consideration whatever.

The appellant Wilson H. Layman also answered sepa-

rately, in two paragraphs, which were substantially the same as the two paragraphs of the answer of the appellant Sarah A. Layman.

The appellee demurred separately to each of the paragraphs of each of the appellants' answers, for the want of sufficient facts therein to constitute a defence to his action, which demurrers were overruled, and to these decisions the appellee excepted.

The appellee then replied, by two paragraphs, to each of the appellants' answers, the first paragraph being a general denial to both paragraphs of answer, and the second paragraph being a reply to the first paragraph only of the answer; in which reply it was averred, that a part of the consideration of the notes in suit was the release of the chattel mortgage mentioned in the first paragraph of the answer. The reply was the same to each of the appellants' answers.

The appellants severally demurred to the second paragraphs of the replies, for the insufficiency of the facts therein, which demurrers were overruled, and they excepted to these decisions.

The issues joined were tried by a jury, and a general verdict was returned for the appellee, and against the appellants Wilson H. and Sarah A. Layman, on the mortgage and notes, assessing appellee's damages at six hundred and sixty dollars, and sixty cents, that the mortgage be foreclosed and the premises sold, or so much thereof as might be necessary for the payment of said debt; and, as to any personal liability against the appellant Sarah A. Layman, the jury found for her. With their general verdict, the jury also found specially on particular questions of fact propounded to them by the appellants, under the direction of the court, in substance, as follows:

Sarah A. Layman was a married woman when she executed the notes and mortgage sued on in this action. She was the owner, in her own right, of the real es-

tate described in said mortgage. No part of the debt sued for was for the improvement and betterment of her real estate. The mortgage in suit was given to secure the debt of said Sarah A. Layman. Wilson H. Layman was her surety in the notes and mortgage sued on. There was no consideration for the giving of the notes and mortgage sued on in this case, other than the old notes of Sarah A. Layman, given to Elizabeth Mack for goods. There was a consideration passing to Wilson H. Layman at the time the notes and mortgage in suit were executed. The surrender of the notes given by Sarah A. Layman to Elizabeth Mack was the only consideration for executing the notes and mortgage sued on in this case. The mortgage sued on was given to secure the debt of Wilson H. Layman to the appellee. Wilson H. Layman was indebted to the appellee, John B. Shultz, at and before he executed the notes and mortgage sued on in this action.

The appellant Sarah A. Layman moved for judgment in her favor on the special findings of the jury, notwithstanding their general verdict; and the appellant Wilson H. Layman also made the same motion. These motions were both overruled, and to these decisions the appellants severally excepted.

The appellants then separately moved the court, in writing, for a new trial of this cause, which motions were severally overruled, and to these decisions the appellants severally excepted. The appellant Sarah A. Layman separately moved the court in arrest of judgment, which motion was overruled, and she excepted to this decision.

The court then rendered judgment for the appellee, upon and in accordance with the general verdict of the jury.

Each of the appellants has separately assigned, as errors, the several rulings or decisions of the court below, adverse to them and each of them. We need not set out these sev-

eral errors, nor consider them separately, as it seems to us
that the entire defence of this action was founded upon a
mistaken view of the liabilities of married women and their
husbands. The theory of the appellants' defence of this
action seems to have been throughout, that the notes and
mortgage in suit were absolutely void and of no effect,
not only as to the appellant Sarah A. Layman, but also
as to her husband and co-appellant, Wilson G. Layman.
The debt evidenced by the notes, and to secure the pay-
ment of which the mortgage was executed, was con-
tracted by the appellant Sarah A. Layman, while she was
a married woman, and the notes and mortgage were after-
ward executed by her and her husband, during her cov-
erture; and, therefore, it was claimed that the notes and
mortgage were void as to each and both of the appellants,
and could not be enforced against either of them.

We recognize the rule of the common law, as a part of
the law of this State, that a married woman is incapable
of binding herself by an executory contract. *O'Daily*
v. *Morris*, 31 Ind., 111; *Thomas* v. *Passage*, 54 Ind.
106; *The American Insurance Company* v. *Avery*, *post*,
p 566. But, while this is the law in this State, it is
very certain that a married woman here, as well as else-
where, is not incapable of contracting debts. It is true,
that her contracts, her promises to pay, are invalid and
can not be enforced against her personally. It is true,
also, as a general rule, that her contracts can not be en-
forced by a legal process against her separate property.
But the debts of a married woman, upon a sufficient con-
sideration, are not void, although her contracts in connec-
tion therewith can not always be enforced. In section 5
of "An act touching the marriage relation and liabilities
incident thereto," approved May 31st, 1852, it was pro-
vided, that the lands, and the profits therefrom, of a mar-
ried woman, should be her separate property as fully as
if she were unmarried, but that she should have no power
to convey or incumber such lands, except by deed, in

which her husband should join. 1 R. S. 1876, p. 550. Under this section of the statute, it will be observed that the power of a married woman to incumber her lands is limited or restrained only by the requirement, that her husband shall join in the deed, by which the incumbrance must be effected. It has been repeatedly held by this court, that, under and by virtue of the power given in and by this section of the statute, a married woman and her husband may execute a valid mortgage on her lands, to secure the debt of her husband. *Hubble* v. *Wright*, 23 Ind. 322; *Ellis* v. *Kenyon*, 25 Ind. 134; *Philbrooks* v. *McEwen*, 29 Ind. 347; *Hashcagen* v. *Specker*, 36 Ind. 413; and *Brick* v. *Scott*, 47 Ind. 299.

In the face of these decisions, it seems to us, that it would be an anomaly in legal construction, if we were to hold, that a married woman and her husband could not execute a valid mortgage on her separate real estate, to secure the payment of her personal debt. It will readily be seen, that the case at bar differs very widely from the case of *Brick* v. *Scott*, above cited. In this case, the notes sued upon and described in the mortgage are, on their face, the joint notes of both appellants Sarah A. and Wilson H. Layman; it is recited in the mortgage, that the notes were given " for a debt due of said Sarah A. Layman," and, in and by said mortgage, " the mortgagors expressly agree to pay the sum of money above secured."

In all these particulars, the mortgage in the case now before us differs from the mortgage in the case last cited. It is true, that the notes now in suit were void as to the appellant Sarah A. Layman, by reason of her coverture; and so the jury virtually found in their general verdict, when they found that she was not personally liable. But it never was pretended, that the debt evidenced by the notes, and to secure the payment of which the mortgage in suit was given, was not justly due and owing, upon a full and fair consideration. After a thorough and careful examination of the record of this cause, and upon due

consideration of the alleged errors complained of and the arguments of counsel thereon, we are led to the conclusion "that the merits of the cause have been fairly tried and determined in the court below." In such a case, the statute forbids, that the judgment should "be stayed or reversed." 2 R. S. 1876, p. 246, sec. 580.

The judgment is affirmed, at the costs of the appellants.