Gregory *et al. v.* VanVoorst, Auditor.

No. 9722.

GREGORY ET AL. *v.* VAN VOORST, AUDITOR.

MARRIED WOMAN.—*Contract.*—*Mortgage.*—*Separate Real Estate.*—A complaint by a married woman to annul a mortgage made by her of her separate real estate, her husband joining, while the act of March 25th, 1879, was in force, which does not show the mortgage to be such as was prohibited by that act, is bad on demurrer.

SAME.—*Foreclosure of Mortgage Against Wife's Land.*—*Promissory Note.*—A mortgage by a married woman, her husband joining, of her lands acquired by gift, devise or descent, to secure a loan made by her, may be enforced if the debt be identified in the mortgage, though a note for the money made by her is void as a personal obligation. *Brick* v. *Scott*, 47 Ind. 299, distinguished and questioned.

SPECIAL FINDING.—*Exception to Conclusions of Law.*—An exception to the conclusions of law admits that the facts are fully and correctly found.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellants.

*M. M. Sill, T. F. Palmer* and *J. H. Wallace*, for appellee.

BICKNELL, C. C.—The appellants brought this suit against the appellee, demanding that a certain note and mortgage be declared invalid, and that the appellee, the county auditor, be restrained from selling the mortgaged premises.

There was an amended complaint in three paragraphs. To the first and second of these paragraphs demurrers were sustained; to the third a demurrer was overruled. The defendant answered the third paragraph by a general denial and a special plea, to which plea the plaintiffs replied in denial.

The issues were tried by the court, who made a special finding of facts, to wit:

1. The plaintiffs have been husband and wife since the year 1867.

2. The defendant was auditor of White county, etc.

3. Margaret Gregory became the owner of the mortgaged premises in 1877; a lot she had owned in Monticello went in part payment therefor; the remainder of the purchase-money her husband paid; her lot was worth $1,500; the value of the mortgaged premises was $2,000; the price paid therefor was the said lot and $455, paid by her husband.

4. Margaret had received by descent $700, with which said lot in Monticello had been bought; the deed therefor had been made to her husband; then the plaintiffs conveyed the lot to the husband's brother, and he conveyed it to Margaret; the only purpose of these conveyances was to vest the title to the lot in Margaret; there was no consideration paid therefor.

5. In order to procure a loan of the public money, the plaintiffs, in July, 1879, executed the mortgage in suit, and the wife executed her note for the amount secured by the mortgage; this mortgage and the note, with the recorder's certificate, and an abstract of title, an affidavit of the wife that she was the owner of the lands, etc., and the certificate of the acknowledgment of the mortgage, were all on the same sheet of paper, and were simultaneously delivered to the county auditor.

6. The mortgage was to the State of Indiana, for the pay-

ment of $335, with interest at eight per cent. per annum, in advance, " according to the terms of the note hereunto annexed ; " and the note was payable July 1st, 1884, with interest at eight per cent. per annum, in advance, with a proviso that, upon default in any payment of interest, the principal sum should be due, with two per cent. damages, and that the mortgaged premises might be sold by the county auditor forthwith, to pay principal, interest, damages and costs.

7. Upon the delivery of said writings to the county auditor, he drew his warrant on the county treasurer for the amount of said note and mortgage, less one year's interest and the costs of making the loan, and Robert Gregory, the husband, without objection from his wife and, presumably, with her consent, received the money on said warrant. Robert had applied to the auditor for such a loan, but the loan was made solely on the execution and delivery of the aforesaid writings, and there was no agreement or contract for any other loan.

8. At the time of the loan the wife was not carrying on any trade or business, or performing any labor or service on her separate account, and she did not execute the note or mortgage for the improvement of her real estate.

9. Nothing has been paid upon said note and mortgage ; one year's interest, due in advance, on July 1st, 1880, is in default, and when this suit was brought the county auditor had given notice of such default, and was about to sell the mortgaged premises according to law.

Upon the foregoing facts the court stated conclusions of law as follows :

" 1. The mortgaged premises were the separate property of Margaret Gregory, acquired by descent and gift.

" 2. The debt secured by the mortgage was not the debt of Robert Gregory.

" 3. Said debt was the debt of Margaret Gregory.

" 4. Said mortgage, thus taken by a public officer, on a loan of public funds, is valid.

Gregory *et al. v.* VanVoorst, Auditor.

"5. That the plaintiffs are not entitled to recover on the facts found; therefore, the finding is for the defendant."

To these conclusions of law, the plaintiffs at the time excepted. The plaintiffs moved for a new trial, and filed the following reasons therefor:

1. The finding is not sustained by sufficient evidence.

2. The finding is contrary to law.

This motion was overruled; judgment was rendered for the defendant, and the plaintiffs appealed.

The errors assigned are:

1. Sustaining the demurrer to the first paragraph of the amended complaint.

2. Error in the conclusions of law.

3. Overruling the motion for a new trial.

The first paragraph of the amended complaint states the marriage of the plaintiffs; the execution of the note by the wife; the execution of the mortgage by both of them to secure the payment of said sum of money, and for no other purpose; that the mortgaged premises were the separate property of the wife, and that the money obtained upon the mortgage was not used to improve, or in any way to better said property; that said plaintiff Margaret is in default as to one payment of interest on said loan, and that said VanVoorst, as auditor, is threatening to sell the mortgaged premises. This paragraph prays that VanVoorst be restrained from selling, and that said note and mortgage be declared of no effect, and that the plaintiffs have all other proper relief. Copies of the note and mortgage are annexed to and made part of the complaint.

The note promises to pay to the State of Indiana, for the use of the inhabitants of township 26, range 6 west, and township 27, range 3 west, on or before July 1st, 1884, the sum of $335, with interest at the rate of 8 per cent. per annum, in advance, commencing July 1st, 1879; and agrees that, on failure to pay any interest, the principal shall become due, with two per cent. damages, and that the mortgaged premises may

be forthwith sold by the county auditor for the payment of said principal, interest, damages and costs.

The mortgage is to the State of Indiana, for the use of the inhabitants of said townships, upon certain real estate in White county, Indiana, "for the payment of $335, with interest at 8 per cent. in advance, according to the conditions of the note hereunto annexed," and is dated July 1st, 1879; the note is signed by the wife only; the mortgage is executed by the husband and wife.

The act of March 25th, 1879, in force at the date of these transactions, provided, in substance, as follows:

Sec. 2. A married woman may carry on any trade or business, and perform any labor or service for her sole and separate account.

Sec. 3. A married woman may enter into any contract in reference to her separate trade, business, labor or service, and the management and improvement of her separate real property.

Sec. 4. No conveyance or contract by a married woman for the sale of her lands, or any interest therein, other than leases for three years or less, and mortgages for purchase-money of such lands, shall be valid unless her husband shall join therein.

Sec. 10. A married woman shall not mortgage or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person.

The first paragraph of the complaint does not show that the mortgage was invalid under any of the foregoing provisions. It does not state that the mortgage was not entered into in reference to the management and improvement of the wife's separate property; it merely states that "the money, derived as aforesaid, was not used to improve or in any way better said real estate."

It does not state that the property was acquired by descent, devise or gift, nor that the debt secured was the debt of the husband or some other person. It does not state that the

mortgage was not given to secure the purchase-money of the mortgaged lands. Said first paragraph of the complaint does not state a mortgage void under any then existing statute or law.

In *Brick* v. *Scott*, 47 Ind. 299, where a married woman made a note and joined her husband in a mortgage of her separate real estate to secure the note, without any express agreement in the mortgage to pay the money, and without any description or identification of a debt secured by the mortgage, except the reference to the note, it was held that the woman's note was void, and that there could be no personal judgment against the woman or her husband, and no foreclosure of the mortgage; this was in 1874. As the law then stood, a married woman might join her husband in mortgaging her separate property to secure his debts. *Philbrooks* v. *McEwen*, 29 Ind. 347.

Said first paragraph states a note made by a married woman, and a mortgage by her and her husband of her separate real estate to secure a specified sum of money; the mortgage contains no express agreement to pay the money, but it does contain a sufficient description and identification of the debt to be paid. The court below, therefore, committed no error in sustaining the demurrer to the first paragraph of the complaint.

The third assignment of error is not discussed in the appellants' brief, and is, therefore, regarded as waived.

The only remaining assignment of error is the second, viz., that the court erred in its conclusions of law.

The only question here arising is, did the court properly apply the law to the facts stated in the special findings? An exception to the conclusions of law admits that the facts are fully and correctly found. *Cruzan* v. *Smith*, 41 Ind. 288.

The principal facts found are, that the wife held the property by descent and by gift; that, in order to procure a loan of public money from the county auditor, the husband and wife executed the mortgage, and the wife made her note; that the

mortgage, by its terms, was "for the payment of $335, with interest at the rate of eight per cent."; that said note and mortgage were delivered to the county auditor, who drew his warrant upon the county treasurer for the sum named in the mortgage, less a year's interest and costs, on which warrant the husband, with the wife's consent, received the money; that nothing has been paid upon the mortgage; that a year's interest in advance fell due on July 1st, 1880, and has not been paid, and that the principal sum mentioned in the mortgage has become due.

Upon these facts the general conclusion of law was that the mortgage ought not to be declared void, and that the county auditor ought not to be restrained from foreclosing it.

Under the act of 1852, 1 R. S. 1876, p. 550, sec. 5, the wife's power to encumber her separate real estate by a deed in which her husband joined was unlimited. In this particular her powers, by the act of March 25th, 1879, *supra*, are restrained; while in other respects they are enlarged.

In this case, the husband and wife joined in the mortgage. The special finding shows that the wife was not carrying on any trade or business, or performing any service or labor, and that the contract was not in reference to the management and improvement of the wife's separate real estate; so that it was not a case where the wife's contract would have been valid without the husband joining therein.

Then the question arises, was it forbidden by section 10 of the act of 1879, *supra?* That section forbids a wife to encumber her separate property acquired by descent, devise or gift, as a security for the debt of her husband or any other person. The property here being held by descent and by gift, the mortgage was void under section 10 aforesaid, if the debt secured thereby was the debt of the wife's husband, or of any third person; but, if the mortgage was to secure the wife's own debt, it was not forbidden by section 10, *supra*, and it was valid under section 4, *supra*, because her husband joined in it. The court stated, in its conclusions of law, that the debt

secured by the mortgage was not the debt of the husband, and was the debt of the wife; and that such a mortgage was valid.

The facts found sustained these conclusions. The note of the married woman was void, not being given for any of the matters upon which a wife's rights are enlarged by the act of 1879; but the special finding shows that the credit was given to the wife, that the money was lent on the security of her separate real estate only, that there was no other contract for loan, and that the husband was permitted to receive the money by consent of his wife. Here, therefore, was not a mortgage for the debt of any other person; it was for the wife's own debt.

The appellants claim that the mortgage was void, and cite the case of *Brick* v. *Scott, supra,* to show that where the note is void the mortgage can not be foreclosed, unless it contains an express stipulation to pay the debt; but the case cited does not go to that extent. It decides that where there is a mortgage securing a note, and the note is void, there can be no personal judgment against the mortgagor, unless there is an agreement in the mortgage to pay the debt. It decides, also, that there can be no foreclosure of such a mortgage, unless it contain either an express agreement to pay the debt, or else a sufficient description and identification of the debt. So in *Philbrooks* v. *McEwen,* 29 Ind. 347, this court said: "A mortgage must somehow describe and identify the indebtedness which it is intended to secure. * * * This description is not a covenant." *Buell* v. *Shuman,* 28 Ind. 464. The want of an express agreement in the mortgage, and in a valid writing thereby secured, to pay the debt, will prevent a personal judgment against the mortgagor; but if the mortgage sufficiently describes and identifies the indebtedness, it may be foreclosed as to the property, although there be no express covenant to pay the debt, either in the mortgage or in any collateral instrument. *Layman* v. *Shultz,* 60 Ind. 541.

The mortgage under consideration contained the following statement:

"We, Margaret Gregory and Robert Gregory, mortgage to

the State of Indiana the following tract of land," etc., "for the payment of $335, with interest at the rate of eight per cent. per annum, payable in advance," etc.

Here, no covenant to pay the debt is expressed in the mortgage, but there is a sufficient description and identification of the debt to warrant the foreclosure of the mortgage, although there can be no personal judgment.

If the mortgage had merely stated that it was given to secure a certain note, without any statement of the debt, except the reference to the note, a different question would have arisen; but here the mortgage ascertained the indebtedness.

There was, therefore, no reason why the mortgage should not be foreclosed. The court did not err in its conclusions of law; the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.

WOODS, C. J., concurs in the conclusion, but not on the ground that the mortgage identifies the debt which it was given to secure. On the contrary, it is shown that there was no debt, because a married woman could not, as the law then was, bind herself by a promise, either express or implied, to repay money loaned to her. It was, however, competent for her to join her husband in making a mortgage to secure the repayment of the money so obtained for her use, and the note signed by her, though void as a personal obligation, is so connected with and referred to in the mortgage, as to be a part of it, and to show when the money was to be paid, with what interest, etc., and the mortgage should be deemed to bind the land for such payment, although it contains no stipulation for a valid personal obligation against any one.

If Brick v. Scott, 47 Ind. 299, is inconsistent with the validity of such a mortgage, as it seems to be, it ought to be overruled. There was just as clear an identification of the debt in that case as in this, and, therefore, the cases can not be distinguished on that ground.