Orr *et al. v.* White.

Filed May 13, 1886.

---

No. 12,584.

## ORR ET AL. *v.* WHITE.

MARRIED WOMAN.—*Inherited Property.*—*Real Estate Purchased with Proceeds of, not Acquired by Descent.*—Where real estate inherited from an ancestor is sold, and with the proceeds and accumulated interest other property is purchased, the latter is acquired by purchase and not by descent. *Gregory* v. *Van Voorst*, 85 Ind. 108, modified.

SAME.—*Mortgage of Separate Property to Secure Husband's Debt.*—*When Valid Under Act of 1879.*—A mortgage executed by a married woman, on her separate real estate, on January 13th, 1881, to secure her husband's debt, was valid under the act of 1879, then in force, the property not having been acquired by her by descent, devise or gift.

SAME.—*Principal and Surety.*—*Recital in Mortgage.*—A wife does not become the principal debtor by merely signing her name to a note and mortgage above that of her husband and temporarily receiving the money loaned into her own hands, nor is her liability enlarged by a recital in the mortgage that she is principal and her husband surety. The loan must be made by her, and for the benefit of herself or her property.

From the Gibson Circuit Court.

*L. C. Embree,* for appellants.

*C. A. Buskirk,* for appellee.

MITCHELL, J.—This was a suit to foreclose a mortgage executed by Anna Orr and her husband to Joseph White.

The mortgage contained a recital, to the effect that it was given to secure a promissory note of even date therewith upon which Anna Orr was principal and Robert Orr surety.

Mrs. Orr answered that she was a married woman at the time the note and mortgage were executed, that the property mortgaged was her separate estate, acquired by descent from her father, and that the whole consideration of the note was a loan of money to her husband.

The facts were found by the court, and were substantially as follows: Robert Orr negotiated a loan of six hundred dollars with White. He agreed to secure it by a mortgage on the real estate hereinafter mentioned. On the 13th day of January, 1881, three or four days after the loan was negotiated, Orr and White went to a lawyer's office to have the note and mortgage prepared. Upon being told that the title to the property upon which the mortgage was to be given was in the wife, the lawyer informed them that if the loan was made to the husband a mortgage to secure it on the wife's property would be invalid. Thereupon Orr brought his wife to the lawyer's office, where she was "advised that in order to make the mortgage legal she would have to sign first on the note, and the money would be loaned to her, but that she might do with it as she saw proper, whereupon she consented to sign the note and mortgage in that way." The papers were both signed by the husband and wife. Six hundred dollars was handed to the wife, who immediately after getting outside of the lawyer's office handed it over to her husband. He used it for his own purposes, she receiving no benefit from it whatever.

Mrs. Orr acquired the land upon which the mortgage was given in the following manner: She inherited some real estate from her father; this she sold, and with the proceeds and some accumulated interest the mortgaged land was purchased.

Upon the foregoing facts the court below stated as a conclusion of law that the land was bound for the debt. A decree was given accordingly.

At the time the mortgage was executed, the act of 1879, relating to the powers of married women, was in force. That act provided, among other things, as follows: "A married

woman shall not mortgage or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person." Acts 1879, p. 161.

Two questions arise upon the facts presented: 1. Was the property upon which the mortgage was given acquired by descent? 2. Was the debt secured by the mortgage the debt of the husband?

" Title by descent is the title by which one person, upon the death of another, acquires the real estate of the latter as his heir at law." Bouvier Dict., Tit. " Descent." The property mortgaged by Mrs. Orr was not thus acquired.

She took her title by contract, by purchase. It is not the less by purchase that the money with which the price was paid, was derived from the voluntary sale of lands inherited from her father. This is not the case where equity follows the fund and impresses upon property acquired with it the character of the property from which the fund was derived. *Armington* v. *Armington,* 28 Ind. 74.

Under our law of descents, kindred of the half blood inherit equally with those of the whole blood, except " if the estate shall have come to the intestate by gift, devise, or descent from any ancestor, those only who are of the blood of such ancestor shall inherit." R. S. 1881, section 2472.

It was held in the case above cited, where an ancestor had acquired certain lands by descent, which were subsequently exchanged for other lands of which he died seized, that the children of the half blood inherited equally with the others. Whether or not property has been acquired by descent must be determined by the canons of descent, and not by the equitable doctrine which follows a fund into whatever shape it may assume. Property acquired by descent is property which the law upon the death of the ancestor casts upon the heir. Where two persons stand in such relation to each other, as that; upon the death of the one, the law casts his estate on the other, they stand in the legal relation of an-

cestor and heir.    The statute was designed to protect ances-
tral property to the wife, so long as she chose to keep it as
such.    The ancestral quality is not transferred to other prop-
erty which may be acquired by contract, even though it be
with the proceeds of ancestral property which the wife has
voluntarily sold.    *Brower* v. *Hunt*, 18 Ohio St. 311; *Frazer*
v. *Clifford*, 94 Ind. 482.

The appellants rely upon *Gregory* v. *Van Voorst*, 85 Ind. 108.
The question under examination here, although fairly within
the facts of the case relied on, does not seem to have been
made.    It seems to have been taken for granted by both
parties, that Mrs. Gregory acquired the property mortgaged
by descent.    In the later case above cited, the question was
made and decided.    To the extent that *Gregory* v. *Van Voorst*,
*supra*, seems to indicate a different rule from that above
stated, it must be deemed to have been modified by *Frazer*
v. *Clifford*, *supra*.

Turning to the second inquiry, it is clear the debt which
the mortgage was given to secure was the debt of the hus-
band.    The law, as applicable to the question under consid-
eration, has regard for the substance of the transaction.    It
is not to be evaded by mere form.    The lender could not,
after negotiating a loan to the husband, make it the debt of
the wife by employing the device resorted to.    If the prop-
erty mortgaged had been acquired by descent, devise or gift,
it is clear the mortgage would have been invalid.    It is equally
clear that the debt was the debt of the husband, notwith-
standing the pretence that the loan was made to the wife.
She neither contracted for the loan nor did she receive any
benefit from it.    To have made her the principal, it was essen-
tial that it should have been made by her, and for the benefit
of herself or her property.    *Vogel* v. *Leichner*, 102 Ind. 55;
*Cupp* v. *Campbell*, 103 Ind. 213;    *Levering* v. *Shockey*, 100
Ind. 558.

The recital in the mortgage that the wife was principal was
of no consequence.    She could not make herself principal

by a recital, if in fact she was surety. "A married woman can not, by her own act, enlarge her legal capacity to convey or bind her separate estate." *Bank of America* v. *Banks*, 101 U. S. 240. She may now be bound by an estoppel *in pais*, like any other person. Such an estoppel can only be predicated upon a wrong. It can not exist if the person dealing with her either knew the facts or was ignorant from a failure to inquire, unless he was misled by the misrepresentations of the wife. *Cupp* v. *Campbell, supra.*

The only connection which the wife seems to have had with the transaction in this case was to sign the papers as directed, and to receive and pass over to her husband the money the loan of which he had negotiated. This does not give it even the resemblance of a loan to the wife. The debt was the husband's notwithstanding. *Veal* v. *Hart*, 63 Ga. 728; *Way* v. *Peck*, 47 Conn. 23; *Athol Machine Co.* v. *Fuller*, 107 Mass. 437.

As, however, the property mortgaged was not acquired by devise, descent or gift, and as by the statute then in force the property of married women acquired by contract or purchase might be bound by a mortgage for the husband's debt, the conclusion of law as stated by the court was right.

Judgment affirmed, with costs.

