### ALDRIDGE and Another *v.* MONTGOMERY and Others.

This was a case of partition of real estate under the statutes of 1838 and 1843, regulating descents. The decision cannot be succinctly stated. See the opinion.

A defendant of unsound mind, should answer by a committee.

APPEAL from the *Shelby* Court of Common Pleas.

PERKINS, J.—"This is a case of petition for partition, from *Shelby* Court of Common Pleas. In the Court below the suit was commenced by *Hiram T. Aldridge, Jackson C. Aldridge, John Montgomery, James Montgomery, Margaret Montgomery,* jr., and *Samuel Montgomery,* guardian of *John, James,* and *Margaret,* jr., against *Margaret Montgomery,* sr.

"The petition states that *Hiram Aldridge,* the ancestor, died on the 7th *November,* 1831, leaving *Margaret Aldridge,* his widow, and *Hiram T., Jackson C., William W., Dewitt C.,* and *Elizabeth Ann Aldridge,* his children.

"*Hiram Aldridge* owned, at the time of his death, one tract of land of 160 acres, one of 72, one of 62, and one of 20, the whole amounting to 314 acres. He also owned out-lots 1, 2, 6, 7, and 8, and in-lot 6, and the west third of in-lot 7, in the town of *Shelbyville.*

"The widow, *Margaret Aldridge,* afterwards married *David Montgomery,* the father of *John, James,* and *Margaret,* jr. In *November,* 1847, *David Montgomery* died, leaving, surviving him, his widow, *Margaret,* sr.

"At *May* term, 1843, of *Shelby* Probate Court, dower was set off to said widow of *Aldridge*, viz., out-lots 1, 2, 6, 7, and 8, and the west third of in-lot 7, in *Shelbyville*, and also four different pieces of ground of 20, 15, 2, and 10 acres respectively. After the death of *Hiram Aldridge*, the father, *Dewitt C.* died, *September* 11th, 1835, intestate, without issue."

On the 24th of *January*, 1838, *Elizabeth A. Aldridge* died intestate, without issue.

In *September*, 1846, *William W. Aldridge* died intestate, without issue.

"*John Montgomery* was born in *November*, 1835, *James*, *February* 14th, 1840, and *Margaret*, jr., in *July*, 1844.

"*Samuel Montgomery* is the guardian of said *John, James*, and *Margaret Montgomery*.

"*Margaret Montgomery*, sr., is not in her right mind, but is partially insane."

The Court determined the respective shares of the parties, and decreed partition accordingly. The question is as to the shares of the children, severally, under the statutes of descent.

On the 7th of *November*, 1831, when *Hiram Aldridge*, the father, died, his real estate descended to his five children, subject to the widow's dower. R. C. 1831, p. 207.

On the 11th of *September*, 1835, when *Dewitt C. Aldridge* died, he was the owner of one-fifth of the lands descended from *Hiram*, which fifth descended, at his death, one-half to the four remaining heirs, and the other half to his mother. R. C. 1831, *supra.*

In *November*, 1835, *John Montgomery*, a brother of the half-blood, was born.

On the 24th of *January*, 1838, on the death of *Elizabeth A. Aldridge*, then the owner of a fraction less than one-fourth of the real estate descended from *Hiram*, her share went, one-half equally to her three brothers of the whole blood, and *John Montgomery*, the brother of the half-blood, and the other part to the mother. *Clark* v. *Sprague*, 5 Blackf. 412.—R. C. 1831, p. 207. That code was still in force.

*[margin: May Term, 1857. ALDRIDGE v. MONTGOMERY.]*

On the death of *William W. Aldridge*, in *September*, 1846, the R. C. 1843 was operative, and by that (p. 434), one-half of his share went to the mother, and the other half to his two brothers of the whole blood; because the inheritance came to the intestate by descent from his ancestor, of whose blood the heirs of the half-blood were not. R. S. 1843, s. 4, p. 436. They were not begotten by him. Had they been begotten by him upon a second wife, they would have been of his blood. This rule of descent applied to all the interest of *William W.*, except the one-fourth of the portion which descended to him from his sister *Elizabeth.* She was not, perhaps, the ancestor of her brother (Webster; 4 Kent, Lecture 65); or, if she was, her half-brother was of her blood, both having had the same mother.

The Court below did not determine the shares of the parties strictly in accordance with the foregoing rules, and erred in its decision.

The answer of *Margaret Montgomery*, she being of unsound mind, should have been by a committee. 2 R. S. p. 42, s. 65.

The judgment below should, therefore, be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded for further proceedings in accordance with this opinion (1.)

*O. H. Smith* and *S. Yandes*, for the appellants.

(1) Afterwards the following entry was made: But now come the parties and agree that the judgment below shall be affirmed, each party paying one-half of the costs, and it is ordered accordingly.