## McMakin v. Michaels.

Statute of Descents—Widow.—A widow inherits in fee, subject only to such qualifications as are prescribed by statute. Page 465.

Same.—The children of the husband by a previous marriage, not being of the blood of his widow, can not inherit the land of which she died seized in fee. Page 465.

Commissioner's Sale—Widow.—Where a widow purchased land of which her husband died seized at a commissioner's sale, under proceedings instituted for partition, she stands in the same condition with respect to the sale as a stranger, and takes the land by purchase, and not by descent. Page 466.

APPEAL from the *Montgomery* Circuit Court.

Gregory, J.—*McMakin* filed his petition against *Catherine Michaels* for partition of certain real estate in *Montgomery* county, averring that he is the owner in fee of the undivided four-fifths thereof; that said *Catherine* is the owner in fee of the other undivided fifth.

The appellee, being a minor, answered by her guardian *ad litem :* 1. The general denial. 2. *Cornelius Michaels, James Michaels, Thomas Michaels, Mary Porter*, and *Andrew*

*J. Porter*, her husband, say that the pretended title of the said *McMakin* to the land in the petition described is derived from the *McKeys*, children of *Catherine Michaels*, deceased, by her first husband, through a pretended purchase from said *McKeys*. And the parties, first above named, further say that they, except *Porter*, are the children of *Cornelius Michaels*, deceased, husband of said *Catherine*, deceased, and brothers and sisters of the half-blood of *Catherine*, defendant in this action. And that said *Catherine*, deceased, was the second wife of *Cornelius*, deceased, by whom she had two children, one of whom is deceased, and the other is defendant herein, and is the sister of the half-blood of these parties making this answer on the father's side. And that all the property belonging to *Catherine*, deceased, at the time of her death, was derived by her directly from *Cornelius*, deceased, her husband, and the father of the parties seeking to make this answer. That the *McKeys*, from whom *McMakin* pretends to hold, have no interest or ownership in said lands, from the fact that the lands came to said deceased *Catherine* from their father, *Cornelius Michaels*, and that no part of said estate came to deceased through the *McKeys*, or their ancestors, and that if any children of said *Cornelius*, deceased, other than *Catherine*, defendant herein, have any ownership in said estate, it is the parties hereinbefore named, and not the *McKeys*, through whom said estate did not come. Said parties, therefore, ask that they may be made parties defendants to this cause of action, and that the pretended title of said *McMakin* may be by the decree of the court set aside, and held invalid, and of no binding force in law, and that the court may, upon the hearing of this cause, settle definitely the interests of all these parties in said estate, and for other and proper relief.

The appellant demurred to the *second* paragraph of the answer for these reasons: *first*, that it does not state facts sufficient to constitute a cause of defense; *second*, that there is a defect of parties defendants. The demurrer

was overruled, and he excepted. The appellant replied to said second paragraph of the answer, admitting that *Cornelius Michaels*, deceased, died seized of the land in question; that he died in 1858; that he left surviving him *Catherine Michaels*, his widow, and *Catherine Michaels*, infant defendant, and *Harvey Michaels*, his children by his marriage with said *Catherine*, and also *Cornelius*, *James*, *Thomas*, and *Mary*, children of a prior marriage; that said *Catherine*, widow, inherited the one-third part of the real estate of said *Cornelius*, deceased, among which were the premises in question; that at the —— term of the Common Pleas Court of said county she filed her petition for partition of said real estate, for the purpose of procuring the assignment to her of her interest therein; that the commissioners appointed to make such partition reported to said court that said land could not be partitioned without injury to the owners thereof, and that thereupon the court directed the same to be sold for the benefit of the widow and heirs at law of *Cornelius*, deceased, and appointed a commissioner to sell the same, and on such sale *Catherine*, the widow, purchased the land now in dispute, and paid therefor with her portion of the proceeds of the sale of the real estate of her late husband, and that of said *Harvey* and *Catherine*, for whom she was at the time guardian, and took a conveyance therefor, and entered upon the land in question, and died in 1863 seized thereof in fee, and that she left surviving her the following named children, to-wit: the said *Catherine*, *William P. McKey*, *Jefferson McKey*, *Benjamin McKey*, and —— *Morrison;* said *Catherine* being the daughter by her marriage with *Cornelius Michaels*, and said *McKeys* and *Morrison* being her children by a prior marriage, and who are her heirs at law, and inherited from her the land in dispute; that prior to the death of *Catherine*, *Harvey* died, and that said *McKeys* and *Morrison* sold and conveyed to the plaintiff the undivided four-fifths of the land in controversy, and placed him in the possession thereof.

The defendants demurred to this reply; the demurrer was sustained and the appellant excepted.

There was no order of court making new parties to said action, nor was there a finding on the issue made by the general denial to the petition. Final judgment for defendant against the plaintiff for costs.

The proceedings in the court below were very irregular, but the question argued by counsel on both sides is this, who, under the law of descent, is entitled to inherit the land in dispute upon the death of *Catherine*, the widow of *Cornelius Michaels*, deceased? It is contended by the appellant that the children of *Catherine*, including those of her former marriage, are entitled to inherit the land of which she died seized. On the other side, it is contended that at least the children of *Catherine*, that are not of the blood of *Cornelius*, can not inherit the land that came to her by descent from him. It is claimed that the purchase of the land by *Catherine* at the commissioner's sale was but a means of setting off to her her interest in the lands of which *Cornelius*, her husband, died seized. The main question in this case has been settled by this court in the case of *Mary Jane Smith* v. *Margaret A. Smith* at this term. It was held in that case, upon full consideration, that those only who were of the blood of the ancestor last seized could inherit. The children of *Cornelius Michaels* by his previous marriage not being of the blood of *Catherine*, his widow, can not inherit land of which she died seized in fee. It follows that the court below erred in overruling the demurrer to the second paragraph of the answer.

But it remains to inquire whether the persons under whom *McMakin* claims title, inherited from their mother equally with their half-sister, the appellee?

A widow inherits in fee, subject only to such qualifications as are prescribed by the statute of descents.

Sections 18 and 24 contain such qualifications, but aside from these we know of no other provision which in any way modifies the rule of descent, that the real and per-

sonal property of any person dying intestate, shall descend to his or her children in equal proportions.

It is contended that section 6 is a modification of this canon of descent, but we do not think so.

The persons under whom *McMakin* claimed title, were the *children* of the person last seized in fee, and with the appellee, they inherited from their mother, equally with their half-sister by the same mother.

But, aside from this, we think that *Catherine Michaels*, the ancestor last seized, held the land in question by purchase, and not by descent.

With respect to her purchase at the commissioners' sale, she stands in the same condition as a stranger. It is true she paid the purchase money in part out of her portion of the proceeds of the lands of which the husband died seized; but if a stranger had purchased, the money in the hands of the widow could not have been treated as land descended to her from her husband, in questions of inheritance.

The judgment is reversed; cause is remanded to said court, with instructions to sustain the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion. Costs against the appellee.

*J. E. McDonald* and *A. L. Roache*, for appellant.

*S. C. Wilson*, *M. D. White*, and *J. M. Butler*, for appellee.