BARNES *v*, LOYD ET AL.

STATUTE OF DESCENT.—*Sixth Section.*—A. and his wife conveyed lands to B. and his wife, the consideration being natural love and affection, the wife of B.

being the daughter of the grantors.  B. and wife had two children.  The wife died; and B. married again, and had five children by his second wife; and B. died;

*Held*, that, on the death of B., the seven children inherited equally.

APPEAL from the Decatur Circuit Court.

WORDEN, C. J.—In February, 1830, Nathaniel Potter and his wife conveyed certain lands in said county, for no other consideration than natural love and affection, to John Loyd and Sally Loyd, his wife, the said Sally, being the daughter of Mr. and Mrs. Potter.  John and Sally Loyd had born to them two children, when Sally, in September, 1831, died, leaving John surviving her.  John afterward married a second wife, not of kin to any of the Potter family, and by her he had five children, when she died, leaving John surviving her also.  Finally, John departed this life in September, 1867.

The question in the cause is, whether, upon the death of John Loyd, the land descended to all his seven children, or only to the two by his marriage with Sally Potter.  The court below decided that it descended to all the children equally.

By the original deed from Potter and wife to Loyd and his wife, each of the latter became seized of the estate by entireties, and not by moieties.  As the two individuals, in law, constitute but one person, so there was but one entire estate granted, and each individual, in connection with the other, was seized of that entire estate.  It could not be aliened or encumbered by the one without the consent of the other; and upon the death of the one, the estate survived to the other.  Upon the death of the one, the estate of the survivor was not enlarged, for he was already seized of the entire estate, but the interest of his co-tenant was extinguished.  Upon the death of Sally Loyd, John, her husband, became seized of the estate in severalty, by survivorship, as fully as if the original estate had been conveyed to him in severalty.  See, on this subject, the case of *Chandler* v. *Cheney, ante*, p. 391.

John Loyd, then, being the owner of the land in severalty, and dying intestate, it follows that it descended in equal portions to all his children, just as any other estate would have descended, unless there is something in our statute that prescribes a different rule of descent in such cases.

The appellant relies upon the sixth section of the statute regulating descents, etc., 1 G. & H. 292, which provides that "kindred of the half blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise, or descent, from any ancestor, those only who are of the blood of such ancestor shall inherit," etc.

Did the estate in question "come to the intestate by gift, devise, or descent from any ancestor"?

The appellant contends that if the estate came by gift, etc., to the intestate from any ancestor of the intestate's heirs, the case falls within the provisions of the section quoted; and hence that two children only, viz., those of John and Sally, can inherit.

This is contrary to the letter, and, as we think, to the spirit of the statute. The plain reading requires the estate to come to the intestate from an ancestor of the intestate. "If the estate shall have come to the intestate * * from any ancestor." What ancestor could have been intended but an ancestor of the intestate?

We are of the opinion that to bring a case within the provisions of the section quoted, the estate must have come to the intestate by gift, devise, or descent from some ancestor of the intestate; and this is believed to be in entire harmony with the decisions of this court that have any bearing upon the point. *Greenlee* v. *Davis*, 19 Ind. 60; *Smith* v. *Smith*, 23 Ind. 202; *Coffman* v. *Bartsch*, 25 Ind. 201; *Murphy* v. *Henry*, 35 Ind. 442.

The word ancestor, as used in this statute, has been held to include all from whom a title by descent could be derived under any circumstances, and as synonymous with kindred. *Greenlee* v. *Davis, supra*.

It is quite clear that Mr. and Mrs. Potter were not ancestors of John Loyd; and the case, therefore, does not come within the section of the statute relied upon by the appellant.

We are of opinion that the court below decided the law correctly.

The judgment below is affirmed, with costs.

*C. Ewing, J. K. Ewing,* and *W. O. Foley,* for appellant.

*B. W. Wilson,* for appellees.