## McClanahan et al. *v.* Trafford et al.

DESCENT.—*Widow.*—A. died, leaving a widow and one child, who inherited his real estate equally. The widow also died intestate, leaving said child by A. and other children by a former husband.
*Held,* that her portion of said real estate descended in equal shares to all her children.

From the Posey Circuit Court.

*A. P. Hovey,* and *G. V. Menzies,* for appellants.

*E. M. Spencer* and *W. Loudon,* for appellees.

DOWNEY, J.—The only question in this case is as to the

sufficiency of the complaint, to which a demurrer was filed and sustained in the circuit court. The facts stated in the complaint are, that on the 1st day of April, 1869, Joseph McHenry died intestate, the owner in fee simple of four-ninths of certain real estate in Posey county, Indiana; that he left surviving him, as his only heirs at law, his wife, Nancy McHenry, and Ellen McClanahan, his only child, the plaintiff herein; that afterward, in 1873, said Nancy McHenry died intestate, the owner in fee simple as heir at law of said Joseph McHenry, her late husband, of the one-half of four-ninths of said land; that said Nancy McHenry left surviving her the following named children, to wit: The plaintiff Ellen McClanahan, by said Joseph McHenry, and the defendants, by a former marriage with one John Thompson, deceased; that the defendants are setting up and claiming title to and in said one-half of said four-ninths of said land, the part of which said Nancy McHenry died seized, as heirs at law of said Nancy McHenry, with said Ellen McClanahan. Prayer that the defendants be enjoined, etc.

The facts, in short, are, that McHenry, the husband, died intestate, owning the real estate, leaving a widow, Nancy McHenry, and one child, Ellen McClanahan. The widow afterward died intestate, the owner of the land in question, so inherited from her husband, leaving as her children said Ellen McClanahan, the only child by McHenry, from whom she inherited the land, and two other children by John Thompson, a former husband. The question is, do the children by Thompson inherit from the mother equally with the child by McHenry, or does the child by McHenry inherit to the exclusion of the children by Thompson?

According to section 23, p. 295, 1 G. & H., if a husband die intestate, leaving a widow and one child only, his real estate shall descend, one-half to his widow and one-half to his child. This section controlled the descent of the real estate of Joseph McHenry, deceased, and vested one-half of it in his widow and the other half in his child Ellen. It is claimed by the learned counsel for the appellants, that the

descent of the one-half of the property at the death of Nancy McHenry is controlled by section 6 of the statute of descents, which enables kindred of the half-blood to inherit equally with those of the whole-blood, but which forbids any except those who are of the blood of the ancestor from whom the property came, in case it came by gift, devise, or descent, from inheriting, etc. We cannot think that this section governs the descent in this case. There is no question of half-blood in the case. Nancy McHenry is the ancestor. From her the heirs must derive their title. The children are all related to her in equal degree, and each one has as much of her blood as any other. They are all her children, although one is by one husband, and two by another. The estate in this case is not impressed with the character of ancestral estate, so that the heir must be of the blood of Joseph McHenry. There is nothing in the statute which prevents the descent of the land owned by Nancy McHenry to all her children, although she obtained her title to it by descent from Joseph McHenry. According to the case of *Smith* v. *Smith*, 23 Ind. 202, the kindred referred to in the sixth section must be kindred of the person last seized, which in this case would be Nancy McHenry. It is evident that in this view of the case there are no kindred of hers of the half-blood. As to who are kindred of the half-blood, see *Robertson* v. *Burrell*, 40 Ind. 328.

In *McMakin* v. *Michaels*, 23 Ind. 462, this question was before the court, and it was said: "A widow inherits in fee, subject only to such qualifications as are prescribed by the statute of descents. Sections 18 and 24 contain such qualifications, but aside from these we know of no other provision which in any way modifies the rule of descent, that the real and personal property of any person dying intestate shall descend to his or her children in equal proportions. It is contended that section 6 is a modification of this canon of descent, but we do not think so." In *Coffman* v. *Bartsch*, 25 Ind. 201, the same question was decided in the same way.

In *Aldridge* v. *Montgomery*, 9 Ind. 302, cited by counsel for appellant, there were kindred of the half-blood, and sec. 6, in one of its features, was properly applied to the case.

These cases have our entire approbation, and we must regard them as settling the question and putting it at rest.

The judgment is affirmed, with costs.