## HEAVENRIDGE ET AL. *v.* NELSON.

DESCENTS.— *Widow.— Children.— Partition.*—The owner in fee-simple of certain lands in this State died, intestate, leaving surviving him, a widow, children by her, and children by a former marriage. Subsequently such widow died, intestate, leaving such children and children by a former marriage, without having disposed of her one-third interest in such lands.

*Held*, in an action for partition, that, on her death, such one-third interest descended to all her children by both marriages, equally, and that such husband's children by his former marriage took nothing thereof.

SAME.— *Will.—Election by Widow.—Insanity.—Election by Guardian.*—The right of a widow, under section 27 (1 R. S. 1876, p. 413) of the "act regulating descents," etc., to elect to take under the will of her deceased husband, is purely personal to her, does not descend to her heirs, and can not be exercised by her, or on her behalf, by her guardian, where she has been adjudged of unsound mind; and real estate, having descended to her, from her husband, under such statute, on her death during such insanity, descends to her children, notwithstanding an election by such guardian to take under such will.

PRACTICE.—*Demurrer to General Denial.—Harmless Error.*—Where a demurrer is sustained to a special paragraph of an answer embracing the general denial, the sustaining of a demurrer to the whole of an amended answer, embracing the general denial and special matter, is harmless.

RECORD.—*Supreme Court.—Default.*—A record of a cause, wherein part of the defendants made default and the others had answered, showing that "this cause is submitted to the court, for trial, on the complaint, default and exhibits herein filed, and, after examining and deliberating, the court finds," etc., sufficiently shows, on appeal to the Supreme Court, a submission of the cause for trial as to the defendants who had answered, on the default of those who had not.

From the Union Circuit Court.

*J. C. McIntosh* and *B. Burke*, for appellants.

*J. Yaryan* and *J. L. Yaryan*, for appellee.

WORDEN, J.—Action by the appellee, against appellants, for the partition of certain lands. Judgment for the plaintiff.

The following are the errors assigned:

"1st. The court erred, in overruling demurrer of defendants below to the complaint.

" 2d. The court erred, in sustaining demurrer of plaintiff below to answer of defendants.

" 3d. The court erred, in rendering judgment as upon default without evidence, the general denial having been filed."

We proceed to consider the errors assigned, in their order.

The objection to the complaint, as we understand from the brief of counsel for the appellants, is, that the plaintiff did not show any title to the land in himself as a tenant in common—in other words, that on the facts stated, the plaintiff was not entitled to any interest in the land.

The facts stated are, in brief, the following: In 1845, George Heavenridge and Nancy Nelson intermarried. At that time, Heavenridge had two children by a previous marriage, and Nancy Nelson had three children by a previous marriage, of whom the plaintiff is one. Four children were the fruit of the marriage between George and Nancy.

George Heavenridge died, seized in fee of certain lands, leaving his widow, Nancy, surviving him; and his surviving widow became thereby entitled to one-third of the land in fee. Afterwards the widow died, leaving, as her heirs, the three children by her former marriage, and the four children by her marriage with Heavenridge, or the descendants of such of them as had died. The plaintiff claimed, and the court adjudged, that the third of the land of which Heavenridge died seized, thus cast upon the surviving widow, descended, upon her death, to her heirs, including the children, and their descendants, of her former marriage, as well as those of her marriage with Heavenridge, to the exclusion of the children of Heavenridge by his former marriage. This was clearly right. The 17th section of the act regulating descents, (1 R. S. 1876, p. 411,) provides, that " if a husband die, testate or intestate, leaving a widow, one-third of his real

estate shall descend to her in fee," etc.   See also section 27 of the same act.

Upon her death, she not having married again, the land which thus descended to her, descended to her heirs, generally, and not exclusively to the children of the marriage in virtue of which the estate came to her, as is provided for in the eighteenth section of the act, in case óf death during a subsequent marriage.

Nor does the case come within the proviso to the 24th section, for here there were children of the second marriage.   The children of Heavenridge by his former wife were not heirs of Nancy, his widow, and took no part of the estate which descended from her to her heirs.   *Smith* v. *Smith,* 23 Ind. 202; *McMakin* v. *Michaels,* 23 Ind. 462; *Murphy* v. *Henry,* 35 Ind. 442; *McClanahan* v. *Trafford,* 46 Ind. 410.   The demurrer to the complaint was properly overruled.

Some of the defendants filed an answer of general denial, and a second paragraph setting up special matter. A demurrer to the second paragraph was sustained, and the parties filing it took leave to amend, and again filed a general denial, and a special paragraph.   To this answer a demurrer was sustained.   It is claimed by counsel for the appellant, that a demurrer was sustained to the general denial.   If so, the error was harmless, inasmuch as the general denial previously filed, remained in the record.

The matter set up in the amended special paragraph of answer was, in substance, that George Heavenridge left a will, which was duly proved after his death, by which he disposed of all his property, and, amongst other things, devised to his said widow certain personal property, and certain real estate during her life, for her support and maintenance.   That said widow was of unsound mind at the time, and after the death of her said husband, and that afterwards, on proper proceedings for that purpose, a guardian was duly appointed for said widow, by the court of

common pleas of said county; and that said guardian, for and on behalf of said widow, elected to take the provision made in the will of the deceased for said widow, instead of what she would be entitled to by law; that accordingly, she enjoyed the property thus bequeathed to her, during her life; and since her death the real estate thus bequeathed to her has been sold by the executor of the will of Heavenridge.

The 27th section of the act in relation to descents provides, " that if the husband shall have left a will, the wife may elect to take under the will instead of this or the foregoing provisions of this act."

And it seems to us, that if there has been a valid election in this case, the surviving widow was not entitled to one-third of the land in fee, inasmuch as the terms of the will are inconsistent with such right, and it is apparent that the testator did not intend that she should have the provision made for her in the will, in addition to the portion of his estate that would go to her by the law. See sec. 41.

We must, therefore, enquire whether the election made by the guardian of the surviving widow, she being of unsound mind, was valid and binding.

The 8th section of the act on the subject of insane persons and their guardians provides, that " The same duties are required of, and the same powers granted to, guardians of persons of unsound mind, as are required of, and granted to, guardians of minors, so far as the same may be applicable." 2 R. S. 1876, p. 600.

Immediately upon the death of George Heavenridge, one-third of his real estate descended to, and the title vested in, his surviving widow.

We are aware of no provision or principle of law, by which the guardian of a minor can, by his own act, divest his ward of the title to real estate, without the authority of some court for that purpose. If he desires to sell the

real estate of his ward, he must procure an order from the proper court, for that purpose. 2 R. S. 1876, p. 593.

There is nothing, therefore, in the statute, that, in terms, confers power upon the guardian of an insane woman to elect for her between the provisions of a will, and the provisions of law, in her behalf. We must look to general principles to settle the question. An election by an insane woman, after office found, would undoubtedly be void. The statute provides, that " every contract, sale, or conveyance of any person, while a person of unsound mind, shall be void." 2 R. S. 1876, p. 601, sec. 11. The spirit, if not the letter, of this statute embraces an election by a person of unsound mind. But the statute has been held applicable only to cases where the party had, at the time, been duly found insane, upon proceedings for that purpose. *Crouse* v. *Holman*, 19 Ind. 30. See, also, *Wilder* v. *Weakley's Estate*, 34 Ind. 181; *Freed* v. *Brown*, 55 Ind. 310. Story says, (2 Story Eq., sec. 1097,) "A *feme-covert*, an infant, or a lunatic will not be bound by an election." In 1 Washb. Real Prop., 4th Am. ed., p. 323, it is said that the right of election is a personal one, and not transmissible by descent. This is supported by the case of *Welch* v. *Anderson*, 28 Mo. 293.

In the case of *Pinkerton* v. *Sargent*, 102 Mass. 568, the precise question here involved was considered and decided. It was there held, that the privilege of a widow, under their statute, to waive the provisions made for her in her husband's will, and thereby become entitled to a distributive share in his estate, was a personal right, which, if she is insane, neither she nor her guardian can exercise.

The court said, " This privilege of waiver is a purely personal right, and its exercise rests in her personal discretion alone. It is not a question of mere pecuniary advantage. The widow's knowledge of the family arrangement, the wishes of her husband, equitable considerations known and appreciated only by her, may all have weight and influence in determining her election. It is a

Heavenridge *et al. v.* Nelson.

privilege which can not be regarded as a portion of her estate."

It would seem, that in Massachusetts, in the absence of an election, a surviving widow takes under the will, instead of under the law, while here she takes under the law, unless she elects to take under the will. See proviso to section 27, *supra.* But this difference can make no difference in the principle.

We are of opinion, upon these considerations and authorities, that the election made by the guardian of the surviving widow was a nullity, he having no power or authority whatever to make it, and that the title to the land continued to be vested in her, up to the time of her death, and then descended to her heirs. There was no error in sustaining the demurrer to this paragraph of answer. This disposes of the second error assigned.

We do not think the third error is sustained by the record. The court did not, as we understand the record, "render judgment as upon default, without evidence." The record recites as follows: "And this cause is submitted to the court for trial, on the complaint, default and exhibits herein filed, and after examining and deliberating, the court finds," etc. Some of the defendants had not answered, and had been defaulted. We think the record shows the submission of the cause to the court for trial, as to those who had answered, on the default of those who had not.

There is no error in the record.

The judgment below is affirmed, with costs.