Matthews v. Pate et al.

No. 10,788.

MATTHEWS v. PATE ET AL.

DECEDENTS' ESTATES.—*Descents.*—*Heirs.*— *Widow's Rights in Real Estate.*— *Sale of Land for Debts.*—*Partition.*—An intestate left as heirs a widow and father, between whom partition was afterwards made, giving her three-fourths and the father one-fourth of the lands of the deceased, according to section 2489, R. S. 1881. Afterwards the land thus allotted to the father was properly sold by the administrator to pay debts, and upon his death his heirs brought partition, claiming one-fourth of the lands allotted to the widow.

*Held*, that the action would not lie, because her three-fourths could not be reduced unless it was necessary to pay debts, and then only so far as it might be required after exhausting the father's share, but not below one-third, as provided by section 2483.

From the Lawrence Circuit Court.

*G. W. Friedley* and *E. D. Pearson*, for appellant.

*N. Crooke, M. F. Dunn* and *G. G. Dunn*, for appellees.

ELLIOTT, J.—It is alleged in the appellees' complaint that Jacob Matthews died on the 24th day of January, 1879, seized in fee of the real estate described; that he died intestate, leaving as his only heirs his widow, the appellant, and his father, Isaac Matthews; that the land descended one-fourth to the father and three-fourths to the widow; that at the May term, 1880, of the Lawrence Circuit Court partition was adjudged, and one-fourth in value of the land set off to Isaac Matthews and three-fourths in value to the appellant; that at the December term, 1880, of the same court, the administrator of Jacob Matthews' estate obtained, on petition, an order for the sale of the land assigned to Isaac Matthews in the partition suit; that he appeared and resisted the petition, but without avail; that the administrator sold Isaac's land under the order granted on his petition, and it was wholly taken from him. It is also alleged that Isaac Matthews died intestate, leaving as his children and grandchildren the appellees. Partition is prayed of the three-fourths of the land assigned in the former partition suit to

Belinda Matthews, the widow of the person through whom all parties claim.

It is contended by the appellant that the complaint, on its face, shows that the question of title has been adjudicated. We think otherwise.

The rights of the defendants to the petition of the administrator to sell lands were not, as between themselves, in issue in that proceeding. The only question there litigated was that made on the issue joined between Isaac Matthews and the administrator of his son's estate; there was no adjudication upon the rights of the widow and the father as between themselves.

The proceedings in partition did not adjudicate upon the title; they merely divided the lands and operated upon the title as it then existed. Ordinarily, proceedings in partition do not settle title except in so far as it is necessary to be ascertained in order to make a division, nor do they affect after-acquired interests. *Miller* v. *Noble*, 86 Ind. 527; *Utterback* v. *Terhune*, 75 Ind. 363; *Avery* v. *Akins*, 74 Ind. 283; *Teter* v. *Clayton*, 71 Ind. 237; *Knight* v. *McDonald*, 37 Ind. 463.

The difficult question in the case is whether the widow's rights were cut down by the sale of the one-fourth set apart to the father, Isaac Matthews. It is clear that as against every person except creditors the widow is entitled to three-fourths of the land. R. S. 1881, section 2489. The heirs can not abridge this right, but the creditors may. *Johnson* v. *Johnson*, 9 Ind. 28; *Kidwell* v. *Kidwell*, 84 Ind. 224.

The creditors did not seek to abridge it, because the part in which the widow had no interest was more than sufficient to pay all claims, but the part taken by the creditors was the whole of the one-fourth which descended to the father, and, unless his heirs can lessen the three-fourths which the widow received, they will get nothing. As against the heirs other than the widow, the creditors, had it been necessary, might have taken all the land, but against the widow they could have taken no more than two-thirds. It is in the power of

creditors to take as against the widow two-thirds, but does it follow from this that the heirs of her husband's father can cut her interest down to one-third of the land? The right to take two-thirds has been often held to exist only in favor of creditors, leaving in the widow the right given her by statute free from the claims of the heirs. In *Fletcher* v. *Holmes*, 32 Ind. 497, it was said: "The widow is made a favored heir, and the interest which descends to her is exempt from liability for the payment of the debts of the estate." The meaning of this is, that she shall have what the statute bestows, subject only to the limitations therein written. This principle is illustrated in *McMakin* v. *Michaels*, 23 Ind. 462, where it was said: "A widow inherits in fee, subject only to such qualifications as are prescribed by the statute of descents." This language is adopted in *McClanahan* v. *Trafford*, 46 Ind. 410. The inquiry which here becomes of controlling importance is: What are the limitations imposed upon the widow's inheritance by the statute? The statute will be searched in vain to find a single limitation in favor of heirs. The 25th section of the statute of descents in direct and unambiguous terms declares that the property, real and personal, shall descend three-fourths to the widow and one-fourth to the surviving father, and there is no limitation elsewhere in the statute except that made in favor of creditors. R. S. 1881, section 2489. There is in this section no limitation in favor of creditors, and in order to ascertain whether any exists, we must look to other provisions of the statute, but with the rights of creditors we are not now concerned, we are inquiring whether the widow is entitled to three-fourths of the land against the heirs of her husband's father.

Turning to analogous cases, we shall find that the widow is jealously protected in her statutory rights. Thus, an order to sell her interest to pay debts will be unavailing, although she is a party to the proceeding. This is so because the order is beyond the power of the jurisdiction of the court. *Compton* v. *Pruitt*, 88 Ind. 171; *Armstrong* v. *Cavitt*, 78 Ind. 476;

*Elliott* v. *Frakes,* 71 Ind. 412; *Unfried* v. *Heberer,* 63 Ind. 67; *Hanlon* v. *Waterbury,* 31 Ind. 168. What the statute gives her the courts take care that she shall have. There are cases more closely analogous. In *Perry* v. *Borton,* 25 Ind. 274, it was held that the administrator must apply all money, not needed for the payment of preferred claims, to the payment of mortgage liens, in order to protect the interest of the widow, although she had joined in executing the mortgages. A like ruling was made in *Hunsucker* v. *Smith,* 49 Ind. 114, and in the cases of *State, ex rel.,* v. *Mason,* 21 Ind. 171; *Clarke* v. *Henshaw,* 30 Ind. 144; *Newcomer* v. *Wallace,* 30 Ind. 216; *Morgan* v. *Sackett,* 57 Ind. 580; *Sparrow* v. *Kelso,* 92 Ind. 514.

In the case in hand it took all of the father's share to pay the intestate's debts, and none of the widow's, and this is a hardship, but it would have been none the less if the debts had been so great as to reduce the widow's share to one-third. If the widow is entitled to three-fourths of the land, she must hold it until the rights of creditors intervene, because the statute does not limit her rights in favor of any other person, and courts have no power to create a limitation. Her share in the land can not be resorted to by creditors until the shares of all others have proved insufficient, and then only in so far as it may be necessary to pay the claims. If, for illustration, it is only necessary to take one-fourth of her share, then she will retain the residue, and the heirs can not claim any part of it. It is quite clear that in no event can the widow's interest be sold to pay creditors unless it be necessary, and that no more can be sold than is necessary; so much may be sold as is necessary to pay the debts of her husband's estate, provided, always, that she shall not have her share reduced in any case, except those expressly provided for by statute, to less than one-third of the land of which her husband died seized. If any part of the three-fourths given a widow by section 25 can be taken from her in any event, it is plain that it can only be taken by creditors, and never by the heirs.

The trial court held that the children and grandchildren of

the father of the appellant's husband were entitled to one-fourth of the three-fourths set off to her in the first partition suit, and in this erred. The effect of this holding is to reduce her share to little more than one-half of her husband's lands, whereas the statute gives her three-fourths as against all persons except creditors. The fact, that all except three-fourths was required to pay debts, did not diminish her estate; the only way in which that could rightfully be diminished would be by the claims of creditors, and then, possibly, it might be reduced to one-third; but, if reduced at all, it would leave no part in the heirs, for she would be entitled to as much of the estate, not exceeding three-fourths, as remained after payment of the debts of her husband's estate.

