Cornett *et al. v.* Hough *et al.*

Filed Jan. 12, 1894.

---

No. 16,128.

## CORNETT ET AL. *v.* HOUGH ET AL.

DESCENT.—*Ancestor, Legal Meaning of.*—*Property Acquired by Gift, Devise, or Descent.*—*How Descendible.*—*Purchase.*—*Mortgage Lien.*—*Personalty.*—A. died testate, leaving his widow as his sole heir at law, to whom he devised, in fee-simple absolute, his entire estate. A.'s widow continued such to her death, leaving no child or father or mother surviving, but leaving her next of kin, viz: B., who was related by blood to A., through his father, being a niece of the widow by her deceased sister; C., a full brother of the widow; D., a half brother of the widow, being a child of her mother by a former marriage; E. *et al.*, the children and grandchildren of a half sister, deceased, of the widow, being a child of her father by a former marriage. The widow died intestate, the owner of several parcels of

land, of which parcels 1, 3 and 9 are in dispute as to who has the right to take by descent. Parcel No. 1 was conveyed to the widow by her husband, through a third person, the consideration being love and affection; parcel No. 3 was acquired by a conveyance in fee-simple, in satisfaction of a mortgage which passed to the widow as a part of her husband's estate; parcel No. 9 was obtained by foreclosure of a mortgage which passed to the widow as a part of her husband's estate, and on no other consideration.

*Held,* that the husband was, by the law of descent, the ancestor of his widow, and that, upon her death, such property as came to her by gift, devise or descent from her husband, shall descend according to section 2472, R. S. 1881, to those only who are of the full blood of the intestate and to such of the half blood as are of the blood of the ancestor, if any, and, if none, then to the other kindred of the half blood.

*Held,* also, that parcel No. 1 came to the widow by gift from her husband, and was descendible to B. and C. alone, in equal proportions; but that parcels Nos. 3 and 9 were acquired by purchase, and descendible generally, the gift by will of all the interest which the testator had as mortgagee of the real estate, being a bequest of personal property only, passed no title to the land.

From the Marion Circuit Court.

*S. Claypool, J. W. Claypool* and *W. A. Ketcham,* for appellants.

*F. Winter, J. B. Elam* and *A. C. Ayres,* for appellees.

HOWARD, C. J.—This was an action for partition and to quiet title to real estate.

The facts were found by the court, and are not in dispute. Those material to the questions to be decided are as follows:

Samuel Canby died testate, leaving no child or father or mother surviving, but leaving his widow, Elizabeth Canby, as his sole heir at law. By his last will he devised to his widow in fee-simple absolute his entire estate.

Elizabeth Canby departed this life intestate on the 12th day of February, 1888, the owner in fee-simple of certain real estate in Marion county, Indiana; parts of which were the lands in dispute, referred to in the record as parcels 1, 3 and 9.

Elizabeth Canby derived title to said parcels of land respectively as follows:

Parcel No. 1. "Samuel Canby, who was the husband of said Elizabeth Canby, was the owner in fee-simple of said parcel of real estate on and prior to the 11th day of May, 1874; and, therefore, on said day, with a view to vesting the title to said parcel of real estate in said Elizabeth Canby as a gift in consideration of love and affection, conveyed said real estate to one Nancy S. DePew, who paid no valuable consideration therefor, in trust that she would immediately convey the same to said Elizabeth Canby; and in execution of said trust said Nancy S. DePew, on the 12th day of May, 1874, conveyed said parcel by deed in fee-simple to said Elizabeth Canby, who continued to hold the same by said title at the time of her death."

Parcel No. 3. "Samuel Canby, at the time of his death, held a mortgage upon this parcel, executed to him by Edward L. Aughinbaugh, who was then its owner in fee-simple, under date of July 16, 1874, which mortgage passed to and vested in said Elizabeth Canby as a part of the estate of said Samuel Canby at his death. Thereafter, to wit, on the 13th day of September, 1877, said Aughinbaugh, being unable to pay said mortgage, conveyed the real estate embraced therein to said Elizabeth Canby by deed in fee-simple, in satisfaction of the mortgage, and upon no other consideration."

Parcel No. 9. "Samuel Canby, being the owner in fee-simple of this parcel of real estate, conveyed the same to Aaron Kaufman on the 24th day of January, 1873, and said Kaufman, on the same day, gave back a purchase-money mortgage to said Canby for three thousand dollars ($3,000), which passed to and vested in said Elizabeth Canby as a part of the estate of said Samuel Canby at his death. Said Elizabeth Canby foreclosed

said mortgage in the superior court of Marion county, Indiana, and bought in the said real estate covered thereby, being said parcel No. 9, for the amount of the mortgage debt, and no other consideration; and, on the 20th day of July, 1880, the sale not having been redeemed from, the sheriff of Marion county, Indiana, executed a deed conveying said parcel of real estate to said Elizabeth Canby in fee-simple."

Elizabeth Canby continued a widow to her death, leaving no child or father or mother surviving, but leaving the following next of kin, namely: 1. The appellee, Thomas Hough, only child of Catharine, who died during the lifetime of Elizabeth Canby, and was her full sister. 2. The appellee Richard J. DePew, a full brother of Elizabeth Canby. 3. The appellant William T. S. Cornett, a half brother of Elizabeth Canby, being the child of her mother by a former marriage, and, 4. The remaining appellants, the children and grandchildren, and only representatives, of Permelia Crigler, who died during the lifetime of Elizabeth Canby and was her half sister, being the child of Elizabeth's father, by a former marriage.

The appellee, Thomas Hough, was related by blood, through his father, to Samuel Canby; but none of the remaining parties were so related to said decedent.

Appellants object to the first conclusion of law to the facts found, which conclusion of law is as follows:

"That said real estate, parcels numbered one (1), three (3), and nine (9), upon the death of Elizabeth Canby, descended to the plaintiff (appellee here), Thomas Hough, and to the defendant (appellee here), Richard J. Depew, jointly and in equal proportions, and that the other defendants (appellants here) have no title to or interest in said parcels."

The correctness of this conclusion must depend upon

the application to the facts found of the following section of the Revised Statutes of 1881:

Section 2472. "Kindred of the half-blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise, or descent from any ancestor, those only who are of the blood of such ancestor shall inherit: *Provided,* That on failure of such kindred, other kindred of the half-blood shall inherit as if they were of the whole blood."

If Elizabeth Canby, the intestate in this case, derived any part of said real estate "by gift, devise, or descent from any ancestor," that ancestor must be her husband, Samuel Canby, whose widow, sole heir, and devisee she was.

That a husband or wife from whom property descends is, within the meaning of the statute, an ancestor, is, we think, clear from our laws of descent, and from the decisions of this court. Sections 2471, 2483, 2484, 2485 and 2487, R. S. 1881; *Orr* v. *White,* 106 Ind. 341; *Greenlee* v. *Davis,* 19 Ind. 60; *Barnes* v. *Loyd,* 37 Ind. 523; *Murphy* v. *Henry,* 35 Ind. 442; *Fletcher* v. *Holmes,* 32 Ind. 497; *Brown* v. *Harmon,* 73 Ind. 412.

So far as concerns the property in dispute then, Samuel Canby was the ancestor of the intestate, Elizabeth Canby. The court finds that the only one of her heirs who was of the blood of this ancestor was the appellee, Thomas Hough. This appellee, therefore, and the appellee Richard J. DePew, the full brother of the intestate, are the only heirs who can inherit from her any of said estate that came to her from Samuel Canby by gift, devise, or descent.

Counsel say that Thomas Hough can have no better right than his mother, sister of the intestate, would have if she were living. This is hardly correct. Thomas Hough, according to the finding, does not derive title

simply through his mother, but also through his ancestral blood by his father from Samuel Canby. If Samuel Canby had died intestate, without wife or child, father or mother, or other relative except Thomas Hough, his estate would not escheat, but would go to his sole blood relative, Thomas Hough. But, without regard to that fact, he is of the full blood of the intestate, and so entitled to inherit from her equally with her full brother, Richard J. DePew.

The finding of facts makes it clear that parcel number one came to Elizabeth Canby by gift from Samuel Canby. The conclusion of law as to this parcel was, therefore, correct.

As to parcels three and nine, we think it equally clear that they came to Elizabeth Canby by purchase. It was mortgage liens upon these lands, not the lands themselves, that she received by the will of her husband. But a mortgage, even if foreclosed, conveys no title to real estate; the title remains in the mortgagor until the delivery of the sheriff's deed. *Hasselman* v. *Lowe,* 70 Ind. 414; *Felton* v. *Smith,* 84 Ind. 485; *Wilhite* v. *Hamrick,* 92 Ind. 594.

It is also the law that a gift by will of all the interest which a testator has as mortgagee of real estate, is a bequest of personal property only, and passes no title to the land. *Martin* v. *Smith,* 124 Mass. 111.

In this case, Elizabeth Canby received from her husband a mortgage upon parcel three, and thereafter exchanged the mortgage for a deed to the land. This was a purchase. She likewise received from her husband a mortgage on parcel nine, and thereafter foreclosed the mortgage and purchased the land at sheriff's sale. This, too, was a purchase. *McMakin* v. *Michaels,* 23 Ind. 462; *Armington* v. *Armington,* 28 Ind. 74; *Nesbitt* v. *Trindle,* 64 Ind. 183; *Orr* v. *White,* 106 Ind. 341.

The judgment is, therefore, affirmed as to all said parcels of real estate, except parcels three and nine; and as to parcels three and nine the judgment is reversed.

The cause is remanded, with instructions to the court to restate its conclusion of law as to said parcels three and nine of said real estate, and for further proceedings in accordance with this opinion.

