## GARDNER'S ESTATE v. GARDNER et al.

No. 2405.   Decided December 16, 1912 (129 Pac. 360).

DESCENT AND DISTRIBUTION—RIGHT TO INHERIT—"OF THE BLOOD." Comp. Laws 1907, sec. 2840, provides that kindred of the half blood inherit equally with those of the whole blood in the same degree, unless the inheritance comes to the intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of the ancestor must be excluded. *Held*, that the phrase "of the blood" includes half blood as well as whole blood; and hence, where a mother died leaving children as the issue of two marriages, and had taken by inheritance property belonging to a deceased son, such property was properly distributed among his half brothers and sisters and their descendants, as well as brothers and sisters of the whole blood.

APPEAL from District Court, Fourth District; *Hon. J. E. Booth*, Judge.

Judicial settlement of the estate of Serena Evenson Gardner.

Neil L. Gardner and others appeal from an order distributing the estate.

AFFIRMED.

*Harvey Cluff* and *A. Saxey* for appellants.

*Jacob Evans* for respondent.

FRICK, C. J.

This is an appeal from a decree of final distribution.

The question of law which arises upon the decree of distribution is substantially as follows: The decedent, Serena Evenson Gardner, died intestate, leaving her surviving the following children, namely, Henry Gardner, Serenus Gardner, Serena Gardner Andrus, and Annie Francis, all of whom were children by her second marriage. The deceased also was the mother of three other children by her first husband, whose name was Evenson, namely: Even Evenson, Erastus Evenson, and Regina Evenson Gardner. Even Evenson died intestate, leaving as his only heir at law his mother, the decedent. Regina Evenson Gardner also died, leaving surviving her the following children as her only heirs at law, to wit, Neil L. Gardner, Margaret Gardner Evans, Brigham E. Gardner, Ida G. Robertson, Anna S. Stanton, Delilah Gardner Hughes, Edna G. Brockbank, and Effie Gardner Barclay, all of whom are grandchildren of the decedent. The decedent, therefore, had three children by her first husband, two of whom are dead, and four by her second husband; all of the latter surviving her. In addition to the foregoing children, she also left surviving her the grandchildren above mentioned. The district court, in making the final distribution of the decedent's estate, distributed to each one of the four children, the issue of the second marriage, one-sixth, to Erastus Evenson, the only surviving child of the first

marriage, one-sixth, and the remaining one-sixth in common to the grandchildren as the representatives of their deceased mother, Regina Evenson Gardner. The grandchildren and Erastus Evenson appeal.

It is conceded that under the laws of succession in force in this state the decedent, as the mother of Even Evenson, was his only heir at law, and thus succeeded to all of his estate at his death. It is further conceded that Even Evenson acquired all of his property by purchase. It is also uncontroverted that the decedent left some property or estate in addition to that which she inherited from her son, and that such property was acquired by purchase.

The appellants contend that the court erred in distributing any of the estate to the four children the issue of decedent by her second husband. The contention of appellants' counsel, given in their own language, is as follows:

"(1) When the estate of an intestate came by gift, devise, or descent from an ancestor, the rule that those only who are of the blood of such ancestor can inherit, excludes kindred of the half blood.

"(2) The descendants of the sister of the whole blood to Even Evenson occupy the same situation which their mother did, and are, under the law, preferred to the brothers and sisters of the half blood."

The contention is that the grandchildren of the decedent, as heirs and descendants of the daughter by the first marriage, have preference over the decendent's children by her second husband. It is insisted that such is the conclusion reached by the territorial Supreme Court in *Amy v. Amy,* 12 Utah, 333-336, 42 Pac. 1121, and in the cases there cited. We shall not now stop to analyze the facts in that case. It must suffice to say that the Amy Case in no way controls the question involved in the case at bar. Counsel, however, vigorously contend that under the provisions of Comp. Laws 1907, sec. 2840, their contention must prevail. That section reads as follows:

"Kindred of the half blood inherit equally with those of the whole blood in the same degree, unless the inheritance

comes to the intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestor must be excluded from such inheritance."

That section has been in force in this jurisdiction at least since February, 1876. (Comp. Laws 1876, p. 276.) The section was carried into the compilation of 1888. (2 Comp. Laws 1888, sec. 2749, p. 125.) And from thence into the Revised Statutes of 1898, of which revision it was section 2840, the same number as in the present compilation above referred to. It is true that in *Amy v. Amy, supra,* the court referred to said section, and, in part at least, based its ruling thereon. The court in the Amy Case, however, did not construe, nor attempt to construe, the meaning of the phrase "of the blood," as the same occurs in the foregoing section. That phrase, it is generally, if not universally, held, includes the half blood as well as the whole blood. If, in the case at bar, counsel's contention were applied, it is not easy to see how, under our statute of succession, those appellants, who are the grandchildren of the decedent, could inherit any part of the property that she inherited from her son, Even Evenson, who was the ancestor of the mother. As to him, the appellants aforesaid are all of the half blood, and not of the whole blood. True, counsel insist that since these grandchildren are the issue of Even Evenson's sister, who was of the full blood, therefore they take as her representatives, and as such are preferred. There is absolutely nothing in our statute that authorizes such a conclusion, while every rule of construction leads to a contrary result. The cases cited by the court in *Amy v. Amy* directly pass upon and construe that phrase where it occurs in statutes precisely like ours, and in doing so also arrive at a conclusion diametrically opposed to the contention of counsel as stated above.

The following cases are cited and relied on in support of the conclusion reached in *Amy v. Amy, supra*: *Gardner v. Collins,* 2 Pet. (U. S.) 89, 7 L. Ed. 347; *Cuttler v. Waddingham,* 22 Mo. 264; *Valentine v. Wetherill,* 31 Barb. (N. Y.) 660; *West v. Williams,* 15 Ark. 693; *Wheeler v.*

*Clutterbuck,* 52 N. Y. 70; *White v. White,* 19 Ohio St. 534.

Referring to these in the order in which they are cited we find that in 2 Pet. 58-92 (7 L. Ed. 347), it is said:

"The phrase 'of the blood' in the statute includes the half blood. . . . A half brother or sister is of the blood of the intestate; for each of them has some of the blood of a common parent in his or her veins."

In 22 Mo. 206-264 the Supreme Court of that state says:

"The words 'of the blood' (in the statute) exclude only those who have *none* of the blood of the ancestor from whom the estate came."

What is said in the case reported in 31 Barb. 655-661 is merely *obiter.* The parties in interest in that case were not before the court; hence the court said, "if these parties were before us," the holding would be as follows. Then follows the decision, which, while it sustains the conclusion reached in the Amy Case, also directly sustains the decree in the case at bar.

In the next case, 15 Ark. 681-693, the court, after deciding that the phrase "of the blood," as found in a statute in legal effect like our section 2840, *supra,* covers the half blood as well as the full blood, says:

"And this is in exact harmony with the provisions of the statute in excluding the half blood and their descendants from inheritance *only* when *these* are *ancestral* and *they* not of the blood of the transmitting ancestor."

The case in 52 N. Y. 70 again supports the conclusion in the Amy Case, but it just as strongly supports the decree entered by the district court in the case at bar.

The last case, namely, in 19 Ohio St. 534, is a case practically "on allfours" with the case at bar, and sustains the decree.

(See, also, *Cornett v. Hough,* 136 Ind. 387, 35 N. E. 699, and *Oglesby Coal Co. v. Pasco,* 79 Ill. 166.) Numerous other cases could be cited in support of the decree based

on statutes like ours, but it is unnecessary to do so. Indeed, under such a statute we have found no decisions to the contrary. We have not referred to the California cases (*In re Pearson's Estate,* 110 Cal. 524, 42 Pac. 960, and *Estate of Smith,* 131 Cal. 433, 63 Pac. 729, 82 Am. St. Rep. 358) because those cases, while based upon a statute of which our section 2840, *supra,* is a transcript, nevertheless extend the right of inheritance by the half blood far beyond what it is necessary to extend that right in this case. Those cases also extend the right beyond the holding in *Amy v. Amy, supra.* In view of the foregoing, it is unnecessary to determine whether the rule laid down by the California Supreme Court, or the one declared in *Amy v. Amy,* is the correct one. That question can only be authoritatively determined when a case like those passed on by the California Supreme Court arises in this jurisdiction.

We are quite clear that under all the authorities the decree of distribution as entered by the district court is right. There can be no possible doubt that if the decedent had died before Even Evenson, her son by her first husband, no one would have questioned the right of the half brothers and sisters of Even Evenson to inherit his entire estate, and that his nephews and nieces would only take by representation. That being so, it is not easy to perceive how the mere fact that the mother survived the son can change the right of inheritance by her children who are the issue of the second marriage jointly with those who are the issue of her first marriage. They all were her children.

In view of the foregoing conclusions, the other questions relating to the appointment of the administrator and the accounting by him became unimportant, if not quite immaterial. Appellants could gain nothing, even if their contention in that regard were sustained. For that reason we refrain from passing upon the question.

The judgment is affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.